GEARK v. GEARK.

1. DIVORCE—CUSTODY OF CHILDREN—PETITION BY THIRD PARTY.
    A petition for the custody of children of divorced parents, filed
    by a person who was not a party to the suit for divorce, in
    her own name and on her own behalf, formed no proper basis
    for a hearing.

2. SAME—CUSTODY OF CHILDREN—MODIFICATION OF DECREE.
    There is no procedure whereby a stranger to a suit for divorce
    may, on her own behalf, seek the modification of a provision
    of the decree and the care, custody and maintenance of the
    minor children, the statutory provision in such regard requir-
    ing that the petition be filed by either of the parents (3 Comp.
    Laws 1929, § 12739).

3. SAME—CUSTODY OF CHILDREN—MODIFICATION OF DECREE—NOTICE.
    Order granting petition of mother of plaintiff husband for cus-
    tody of children, thereby depriving their mother of their cus-
    tody as given by the decree, was error where petition was filed
    in name and on behalf of petitioner, did not allege facts
    showing the mother was an unfit person to have the custody
    or that petitioner was a fit person, and no notice of the
    petition was given to the plaintiff or the prosecuting attorney
    (3 Comp. Laws 1929, § 12852).

4. SAME—DEPRIVATION OF CUSTODY OF CHILDREN—SHOWING OF FIT-
    NESS OF PARENT.
    It is necessary to show that a mother who has been given cus-
    tody of children in a decree of divorce is not a fit person to
    have such custody in order to deprive her thereof (3 Comp.
    Laws 1929, § 12852).

5. SAME—CUSTODY OF CHILDREN—DUE PROCESS.
    Due process requires that a party to a suit for divorce be noti-
    fied and given an opportunity to be heard on petition to
    modify decree as to custody of minor children involved (3
    Comp. Laws 1929, § 12852).

6. SAME—CUSTODY OF CHILDREN—MODIFICATION OF DECREE—NOTICE
TO PROSECUTING ATTORNEY.

> Since children of divorced parents are wards of the court and
> the right of the State is superior to that of the parents, the
> prosecuting attorney should be notified of the hearing to mod-
> ify a decree of divorce and afforded an opportunity for
> investigation.

7. SAME—CUSTODY OF CHILDREN—CONTINUING JURISDICTION.

> The circuit court has ample power under its continuing jurisdic-
> tion to change the custody of children of divorced parents at
> any time that such a change will be for the best interests of
> the children notwithstanding reversal of order granting cus-
> tody to husband's mother on her own petition.

8. SAME—COSTS—CUSTODY OF CHILDREN.

> No costs are awarded on reversal of order granting husband's
> mother custody of children whose custody had originally been
> awarded to the children's mother where petition filed did not
> confer jurisdiction upon court to award custody to the husband's
> mother.

Appeal from St. Joseph; Jacobs (Theo T.), J.
Submitted June 10, 1947. (Docket No. 67, Calendar
No. 43,691.) Decided October 13, 1947.

Divorce proceedings between Donald Geark and
Rethabelle Geark. On petition of Marjorie Geark
for amendment of decree. Decree amended to give
custody of children to petitioner. Defendant ap-
peals. Reversed and remanded.

*Raymond H. Dresser,* for plaintiff.

*Roy H. Hagerman,* for defendant.

BOYLES, J. The defendant appeals from an order
modifying a decree for divorce and depriving her
of the custody of two minor children. The defend-
ant was granted a decree of divorce from plaintiff
March 15, 1946, wherein she was given the custody
of the two minor children now aged about two and

four years respectively. Defendant, having no home of her own, left the children at the home of her father who was not married, to be cared for by a woman who was living with him in a small cottage at a lake. In June the defendant became involved in an argument with her father occasioned by his becoming intoxicated, took the children to the home of plaintiff's mother, Marjorie Geark, the petitioner herein, who lived in the upstairs part of a house in Sturgis; and asked her to take care of them. Marjorie Geark had been divorced from her former husband, who, however, continued to live in her home at the time of the hearing on this matter, December 6, 1946. Plaintiff Donald Geark had been in prison for nonpayment of alimony for support of children by a former marriage, but was also living with his mother Marjorie Geark at the time of the hearing. Marjorie Geark kept the two children for three or four months until the defendant again became involved in an argument, this time with her mother-in-law Marjorie Geark and thereupon moved the children back to her father's home. At that time said defendant indicated she was going to get married again, but that her intended spouse had no place for them to occupy and that they planned to live with the defendant's father in his lake cottage. According to the testimony of the friend of the court at the time of the hearing, her intentions have come to fruition, she has since been married again, and has taken the children from her father's home and left them with the parents of her new husband.

September 27, 1946, while at least one of the children was at the home of plaintiff's mother, Marjorie Geark, she filed a petition in the divorce case in effect asking that the decree be modified, the legal custody be taken from the defendant, the mother of the children, and awarded to her. The defendant

moved to dismiss this petition on the ground that the petitioner was not a party to the divorce case, and that the petition did not state any adequate grounds for the relief prayed. The motion was denied; and without further petition, on December 6, 1946, the court held a hearing and entered an order granting petitioner the custody of the children. The defendant herein, the mother who was thus deprived of legal custody of her children, appeals.

The petition was filed by Marjorie Geark in her own name and on her own behalf. It formed no proper basis for a hearing and the motion to dismiss should have been granted. There is no procedure whereby this petitioner, a stranger to the divorce case, on her own behalf, may seek the modification of a provision of the decree, and the care, custody and maintenance of the minor children. The statute (3 Comp. Laws 1929, § 12739 [Stat. Ann. § 25.97]) provides that the court may "on the petition of either of the parents" revise and alter a decree concerning the care, custody and maintenance of the minor children of the marriage. We are not here called upon to determine whether such a petition may be filed on behalf of the children or the State, by the prosecuting attorney or the friend of the court.

The petition failed to allege facts showing that the mother of the children was an unfit person to have the custody, or that the petitioner was a fit person. Nor did the court make a finding that the defendant is not a fit person to have such custody, and the record here is barren of any proof which would support such a finding. Such proof is necessary, to deprive the mother of the right of custody. 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311); *Riemersma* v. *Riemersma,* 311 Mich. 452.

There is no proof in the record that the plaintiff in the divorce case was notified of the hearing to modify the decree. Due process requires that a party to the divorce be notified and given an opportunity to be heard. *Huger* v. *Huger*, 313 Mich. 158.

No notice was given to the prosecuting attorney. He should have been notified of the hearing to modify the decree and afforded opportunity for investigation.* *Bishop* v. *Bishop*, 286 Mich. 567. These children are wards of the court and the right of the State is superior to that of the parents. *Wallace* v. *Wallace*, 310 Mich. 30.

The order granting the custody to Marjorie Geark must be set aside. However, the law is well settled that a provision in a decree of divorce as to the custody of the minor children of the marriage is within the continuing jurisdiction of the circuit court for future modification as circumstances may require. Without doubt the conditions which should control the right to custody in this case have been changing with such frequency as to require frequent supervision by the court. In fact, one of the grounds alleged by appellant here for reversal is that the court determined the custody on the basis of the report of the friend of the court as to conditions two months before the hearing, rather than on the day of hearing. The circuit court has ample power to change the custody at any time hereafter, when conditions indicate that a change in custody will be for the best interests of the children. *Sims* v. *Sims*, 298 Mich. 491.

The order modifying the decree and granting custody to Marjorie Geark is set aside and the matter remanded to the circuit court for such fur-

* See 3 Comp. Laws 1929, § 12764, as amended by Act No. 44, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 12764, Stat. Ann, § 25.121).—REPORTER.

ther consideration and order, after a proper petition, notice and hearing, as the then-existing circumstances may require for the best interests of the children. No costs awarded.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.