SHERFEY v SHERFEY

Docket No. 108942. Submitted March 23, 1989, at Detroit. Decided
      August 8, 1989.

Plaintiff, Jessica Sherfey, brought an action in the Macomb
      Circuit Court seeking a judgment of divorce from defendant,
      Dennis Sherfey, and was awarded ex parte temporary custody
      of the parties' infant daughter. Defendant countersued for
      divorce and obtained temporary custody of the child. Third
      party intervenors, Georgianna and John Workman, the adop-
      tive parents of the plaintiff, petitioned for custody of the child.
      The trial court, Frederick D. Balkwill, J., on August 5, 1988,
      entered an order awarding custody of the child to the Work-
      mans. The plaintiff and defendant then requested dismissal of
      their divorce action and the return of custody of the child to
      them. The trial court entered an order which dismissed the
      complaint and countercomplaint and provided that the order
      which awarded custody to the Workmans be entered as a
      permanent order. Defendant appealed from that order and the
      order of August 5, 1988.

      The Court of Appeals *held:*

      1. When the parents of a minor child file suit for divorce, but
      later reconcile and request a dismissal of the divorce action,
      and the circuit court has not otherwise obtained jurisdiction
      over the child, the circuit court does not have jurisdiction to
      award permanent custody of the child to a third party.

      2. The request for dismissal by the plaintiff and defendant
      terminated the divorce action and with it the circuit court's
      only jurisdictional basis to award permanent custody of the
      child to the Workmans. The order which made the award of
      custody to the Workmans permanent was void for want of
      subject matter jurisdiction. The request for dismissal was effec-
      tive to act as a stipulation of dismissal even though the Work-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 232 *et seq.*, 972, 980; Parent
      and Child §§ 28, 29.
See the Index to Annotations under Custody and Support of Chil-
      dren; Termination of Parental Rights; Uniform Child Custody
      Jurisdiction Act.

mans did not sign it. Upon the voluntary dismissal of the action, the August 5, 1988, custody order became null and void and custody of the child automatically reverted to the plaintiff and defendant.

Vacated.

1. DIVORCE — CHILD CUSTODY — COURTS — JURISDICTION.

A circuit court does not have jurisdiction to award permanent custody of a minor child to a third party where the parents of the child file suit for divorce but later reconcile and request dismissal of the divorce action and where the circuit court has not otherwise obtained jurisdiction over the child.

2. DIVORCE — COURTS — JURISDICTION.

A circuit court's jurisdiction in divorce proceedings is completely statutory; the court is empowered to make any order concerning the care, custody or support of the minor children of the parties during the pendency of the divorce action, upon the entry of a divorce judgment, and subsequent to the entry of a divorce judgment until the child reaches the age of eighteen (MCL 552.15, 552.16, 552.17, 552.17a; MSA 25.95, 25.96, 25.97, 25.97[1]).

3. DIVORCE — CHILD CUSTODY — CHILD CUSTODY ACT.

The custody of a minor child is determined in divorce proceedings under the provisions contained in the Child Custody Act; the act does not create substantive rights of entitlement to custody of a minor child (MCL 722.21 *et seq.*; MSA 25.312[1] *et seq.*).

4. COURTS — CHILD CUSTODY — CHILD CUSTODY ACT — THIRD PARTIES.

The Child Custody Act does not authorize a nonparent to create a child custody dispute by simply filing a complaint in circuit court alleging that giving custody to the third party is in the best interests of the child (MCL 722.21 *et seq.*; MSA 25.312[1] *et seq.*).

*Pearl P. Shatzman,* for Dennis Sherfey.

*David R. Haugan,* for Georgianna and John Workman.

Before: BEASLEY, P.J., and GILLIS and BRENNAN, JJ.

BRENNAN, J. Defendant appeals as of right from

an order of the Macomb Circuit Court which awarded permanent custody of defendant's infant daughter to third party petitioners, John and Georgianna Workman, the adoptive parents of the plaintiff, Jessica Sherfey.

Plaintiff and defendant married in March, 1987. They were sixteen and seventeen years old, respectively. Their daughter, Billie Jo, was born on May 19, 1987.

The couple separated three months later. Plaintiff and Billie Jo took up residence with the Workmans and defendant left the state for army basic training. Plaintiff filed suit for divorce on September 25, 1987, and was awarded ex parte temporary custody of Billie Jo. While defendant was home on holiday leave from the army, he and plaintiff reconciled. Plaintiff and Billie Jo moved from the Workmans' home to the home of defendant's mother, Jeanne Norris. Plaintiff's complaint was not dismissed. Their reconciliation, however, was short-lived. In January, 1988, plaintiff moved out of Norris' home. Defendant countersued for divorce and obtained temporary custody of Billie Jo. The temporary custody order provided that Billie Jo was to reside with defendant's grandmother, Lorraine Sherfey.

On February 4, 1988, the Workmans petitioned for custody of Billie Jo. The trial court ordered that the case be referred to the Friend of the Court for investigation as to suitable custody. In an order dated May 2, 1988, the trial court adopted the Friend of the Court's recommendation and awarded temporary custody of Billie Jo to the Workmans. The trial court also ordered an evidentiary hearing on the issue of custody which was scheduled for August 1, 1988. Defendant appealed the order to this Court. On June 6, 1988, this Court remanded the case for an immediate eviden-

tiary custody hearing, but denied defendant's motion for a stay. On remand, the trial court conducted the ordered custody hearing and, in an order dated August 5, 1988, the trial court again awarded custody of Billie Jo to the Workmans.

Plaintiff submitted a proposed judgment of divorce to the trial court on September 7, 1988. The proposed judgment provided that the Workmans would be awarded custody of Billie Jo until further order of the court or until the latter of the date she graduates from high school or her eighteenth birthday.

On September 15, 1988, both the plaintiff and defendant filed an objection to the proposed judgment. They requested that the trial court dismiss the case for the reason that they had again reconciled and no longer wanted a divorce. They also requested that custody of Billie Jo be returned to them.

On October 3, 1988, the trial court entered an order which dismissed the complaint and counter-complaint and further ordered that the August 5, 1988, custody order be entered as a permanent order. Defendant appeals from this order and the August 5, 1988, custody order.

The issue in this case can be stated as follows: When the parents of a minor child file suit for divorce, but later reconcile and request a dismissal of the divorce action, and the circuit court has not otherwise obtained jurisdiction over the child, does the circuit court have jurisdiction to award permanent custody of the child to a third party? We answer in the negative.

The circuit court's jurisdiction in divorce proceedings is completely statutory. *Banfield v Banfield,* 318 Mich 38, 40-41; 27 NW2d 336 (1947). The circuit court is empowered to make any order concerning the care, custody or support of the

minor children of the parties during the pendency of the divorce action, MCL 552.15; MSA 25.95, upon the entry of a divorce judgment, MCL 552.16; MSA 25.96, and subsequent to the entry of a divorce judgment, MCL 552.17; MSA 25.97, until the child reaches the age of eighteen, MCL 552.17a; MSA 25.97(1).

In a divorce proceeding, the custody of a minor child is determined under the provisions contained in the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* The act is remedial and supplemental in nature. *Eigner v Eigner,* 79 Mich App 189, 196; 261 NW2d 254 (1977). The act does not create substantive rights of entitlement to custody of a minor child. *Ruppel v Lesner,* 421 Mich 559, 565; 364 NW2d 665 (1984), reh den 422 Mich 1201 (1985). In discussing the jurisdictional limitations of the act in *Ruppel, supra,* pp 565-566, the Supreme Court stated:

> [I]t creates presumptions and standards by which competing claims to the right of custody are to be judged, sets forth procedures to be followed in litigation regarding such claims, and authorizes the forms of relief available in the circuit court. While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce), nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third party is in the "best interests of the child."

In this case there has been no prior termination of or judicial intervention in parental rights. The trial court's jurisdiction to award permanent custody of Billie Jo to the Workmans existed solely by reason of the divorce action. *Ruppel, supra; Hast-*

*ings v Hastings,* 154 Mich App 96, 100-101; 397 NW2d 232 (1986), lv den 428 Mich 859 (1987); MCL 552.16; MSA 25.96; MCL 722.26; MSA 25.312(6). Similarly, the Workmans' rights as third parties to petition for custody of Billie Jo were created by the divorce action and existed incidentally to it. *Ruppel, supra,* pp 565-566; MCL 722.26; MSA 25.312(6).

The September 15, 1988, request for dismissal terminated the divorce action and with it the circuit court's only jurisdictional basis to award permanent custody of Billie Jo to the Workmans. The request was, in effect, a stipulation of dismissal. MCR 2.504(A)(1)(b). Dismissal was automatic. Thus, the circuit court's October 3, 1988, order was void for want of subject matter jurisdiction.

The request was effective to act as a stipulation of dismissal even though the Workmans did not sign it. The Workmans were not parties to the divorce action. See generally *Unjian v Unjian,* 344 Mich 423; 73 NW2d 862 (1955). Their presence in the action as "parties" was merely for the purpose of allowing the circuit court to consider whether it would be in Billie Jo's best interests to place her with them upon the divorce of plaintiff and defendant. For whatever reason, plaintiff and defendant chose to reconcile and dismiss the divorce action. They did not need the approval of the Workmans to do so.

Upon the voluntary dismissal of the action, the circuit court's August 5, 1988, custody order became null and void. See *In re Ward's Estate,* 152 Mich 218, 237; 116 NW 23 (1908). Custody of Billie Jo reverted automatically to plaintiff and defendant.

Vacated.