SIROVEY v CAMPBELL

Docket Nos. 180182, 189136. Submitted October 1, 1996, at Detroit. Decided April 18, 1997, at 9:20 A.M.

Griff D. Sirovey and Kathryn J. Sirovey (now Kathryn J. Campbell), were granted a consent judgment of divorce in the Oakland Circuit Court. The 1988 judgment provided that the parties would share joint legal custody of their minor daughter and that the plaintiff father would have physical custody and the defendant mother would have reasonable visitation. The judgment listed the child's address as the father's residence and required the plaintiff to notify the friend of the court in the event the child was moved to another address. The child subsequently began living with her paternal grandparents, Daniel and Dolly Sirovey, but neither the circuit court nor the friend of the court was notified of the change of address. In July 1994, the plaintiff and the defendant stipulated that physical custody be awarded to the defendant with the plaintiff having reasonable visitation. The court, Gene Schnelz, J., entered an order modifying the divorce judgment consistent with the stipulation without a determination of the statutory best interest factors or the existence of a custodial environment. The defendant then acquired physical custody of the child. The paternal grandparents brought motions seeking to intervene in the divorce action, an order to show cause why the July 1994 stipulation and order regarding custody should not be set aside, and an order awarding them legal and physical custody. In the alternative, the grandparents sought visitation. The defendant asserted that the court did not have jurisdiction to consider the grandparents' motions and that the grandparents did not have standing to be awarded custody. The court entered an order sua sponte, in October 1994, appointing a guardian ad litem for the child during the pendency of the action. The defendant appealed by leave granted from that order. (Docket No. 180182). The court entered an order in November 1994 providing, in relevant part, that the court has jurisdiction over the child for matters of custody and visitation until the child reaches the age of majority, that the paternal grandparents (hereafter the intervening petitioners) have standing pursuant to MCL 552.17a(1); MSA 25.97(1)(1) to assert a claim for custody, and that MCL 772.26c(1); MSA 25.312(6c)(1) does not apply to this case. The defendant

appealed by leave granted from the order. (Docket No. 189136). The appeals were consolidated.

The Court of Appeals *held*:

1. The intervening petitioners do not have standing to assert a claim for custody of the child by virtue of the facts that they are her grandparents or that she lived with them.

2. The court properly found that MCL 722.26c(1); MSA 25.312(6c)(1) is inapplicable to this case.

3. MCL 722.26b; MSA 25.312(6b) is inapplicable to this case.

4. The intervening petitioners have standing pursuant to MCL 722.27b(1); MSA 25.312(7b)(1) to seek a determination of the child's best interests with respect to visitation because a child custody dispute remained pending after the judgment of divorce was entered. Therefore, the court did not err to the extent that it permitted the intervening petitioners to intervene in the divorce case for the purpose of asserting their rights to visitation and that part of the orders must be affirmed. However, the intervening petitioners do not have standing to seek a determination of the child's best interests with respect to her custody.

5. Neither the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, nor any other authority such as the divorce act, MCL 552.1 *et seq.*; MSA 25.81 *et seq.*, gives standing to create a custody dispute to a third party who does not possess a substantive right to custody. The intervening petitioners have not established that they possess a substantive right to custody. The court erred to the extent that it found that § 17a of the divorce act, MCL 552.17a; MSA 25.97(1), conferred standing on the intervening petitioners.

6. When appropriate, a circuit court may award custody to a third party in a divorce case. However, the award is not based on the third party's standing to assert a claim for custody, but, rather, on the circuit court's determination of the child's best interests.

7. In entering a custody order during the pendency of a divorce proceeding, a circuit court has jurisdiction under § 17a(1) of the divorce act to award custody to a third person. Under § 17(1) of the divorce act, MCL 552.17(1); MSA 25.97(1), the circuit court may enter postjudgment custody orders only on the petition of either of the parents. In making such order, the court has jurisdiction under § 17a(1) to award custody to a third person.

8. The intervening petitioners' postjudgment motion to intervene to assert a claim for custody did not form a proper basis for a hearing regarding the issue of custody in the divorce case because the court did not have jurisdiction under the divorce act to consider the motion because it was not a petition of either of the parents. The court erred to the extent that it held that it had jurisdiction

under the divorce act to enter custody orders pursuant to the intervening petitioners' postjudgment custody motion. To the extent that the court took any action with respect to the intervening petitioners' request for custody under the divorce act, its action was void for want of subject-matter jurisdiction. The postjudgment divorce proceedings initiated by the intervening petitioners did not constitute an appropriate or typical divorce case in which custody may be awarded to a third party without standing.

9. The circuit court had subject-matter jurisdiction as a court of general jurisdiction to consider the intervening petitioners' bona fide custody dispute even apart from the divorce action. However, the intervening petitioners do not have standing to bring an original action for custody under the Child Custody Act. The circuit court should have dismissed the intervening petitioners' request for custody on the basis that they do not have standing to bring a custody action.

10. The orders appealed from must be reversed except to the extent that they relate to the intervening petitioners' visitation with the child.

Affirmed in part and reversed in part.

1 PARENT AND CHILD — CHILD CUSTODY ACT — WORDS AND PHRASES — CHILD CUSTODY DISPUTE.

The Child Custody Act applies directly to original child custody disputes or incidentally to child custody disputes arising from other actions; the act uses the term "child custody dispute" to mean any action or situation involving the placement of a child (MCL 722.21 et seq.; MSA 25.312[1] et seq.).

2. PARENT AND CHILD — CHILD CUSTODY ACT — GRANDPARENTS — THIRD PARTIES.

The Child Custody Act generally involves procedure only and does not create substantive rights of entitlement to the custody of a child; grandparents have no greater claim to custody than any other relative or other person; third parties do not attain a legal right to custody on the basis of the fact that a child has resided with them (MCL 722.21 et seq.; MSA 25.312[1] et seq.).

3. PARENT AND CHILD — CHILD CUSTODY ACT — GRANDPARENT VISITATION.

The Child Custody Act provides that grandparents may seek visitation with their grandchildren if a child custody dispute with respect to the grandchildren is pending before the court; a "child custody dispute" includes a proceeding in which the marriage of the child's parent is dissolved; a child custody dispute is still "pending" after a judgment of divorce is entered, and in such circumstances, the grandparents may seek an order of visitation by intervening in the

dispute and filing a motion to show cause; the court then determines whether visitation is in the best interests of the child (MCL 722.23, 722.27b[1], [2][a], [3]; MSA 25.312[3], 25.312[7b][1], [2][a], [3]).

4. PARENT AND CHILD — CHILD CUSTODY ACT — CUSTODY DISPUTE — STANDING.

Neither the Child Custody Act nor any other authority, including the divorce act, gives standing to create a custody dispute to a third party who does not possess a substantive right to custody (MCL 552.1 *et seq.*, 722.21 *et seq.*; MSA 25.81 *et seq.*, 25.312[1] *et seq.*).

5. DIVORCE — CHILD CUSTODY — THIRD PARTIES.

A circuit court may award child custody to a third party in an appropriate divorce case; such an award of custody to a third party is not based on the third party's standing to assert a claim for custody, but, in an appropriate case, on the circuit court's determination of the child's best interests.

6. DIVORCE — CHILD CUSTODY — THIRD PARTIES — CIRCUIT COURTS — JURISDICTION.

The jurisdiction of the circuit court over divorce cases is strictly statutory; the court's continuing jurisdiction over child custody matters in divorce proceedings is limited to the entry of orders authorized by chapter 552 of the Michigan Compiled Laws; the court is authorized during the pendency of a divorce proceeding or upon entering a judgment of divorce to enter such orders as it considers proper and necessary concerning the custody of the parties' minor children, including awarding custody to a third person; the court may enter a postjudgment custody order only on the petition of either of the parents and, in making such order, may award custody to a third person; the award of custody to a third party in the above situations is not because the third party has standing, but because the court has determined that it is in the child's best interests that custody be awarded to the third party (MCL 552.15, 552.16, 552.17[1], 552.17a[1]; MSA 25.95, 25.96, 25.97[1], 25.97[1][1]).

*Daniel C. Devine, Jr.,* for Daniel and Dolly Sirovey.

*Sylvia K. Delin,* for Kathryn J. Campbell.

Before: MARKMAN, P.J., and SMOLENSKI and G. S. BUTH*, JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

SMOLENSKI, J. In these consolidated appeals involving child custody, defendant Kathryn Campbell (formerly Kathryn Sirovey) appeals by leave granted October and November 1994 orders of the Oakland Circuit Court. For the reasons stated in this opinion, we reverse the October and November orders except to the extent that they relate to visitation.

In 1982, plaintiff, Griff Sirovey,[1] and defendant were married. A child, Heather, was born later that same year. The lower court file contains a letter signed by plaintiff and defendant indicating that they separated in 1987 and that defendant agreed that plaintiff have physical custody of Heather because he and his parents would best be able to provide for her. In 1988, a consent judgment of divorce was entered by the Oakland Circuit Court in which plaintiff and defendant agreed that they would share joint legal custody of Heather, but that plaintiff would have physical custody of Heather with defendant having reasonable visitation. The consent judgment of divorce specified that Heather's address was 1495 West Maple, Walled Lake, Michigan, the address of plaintiff's residence. The consent judgment of divorce also provided that plaintiff "shall promptly notify the Friend of the Court" whenever Heather was moved to another address.[2]

The consent judgment of divorce did not include any provisions relating to visitation by any of Heather's grandparents. However, at some point in her young life, although the record is not entirely

---

[1] Although listed as an appellee in Docket No. 180182, plaintiff has not filed a brief or otherwise participated in these appeal proceedings.

[2] See MCR 3.211(C)(2).

clear in this regard,[3] Heather began living with intervening petitioners at their residence in Detroit. Intervening petitioners drove Heather to Walled Lake every day to attend school. There is no indication that the circuit court or the friend of the court was notified of Heather's change of address.

Heather continued living with intervening petitioners through the first half of 1994. However, in early July 1994, plaintiff and defendant stipulated that physical custody be awarded to defendant effective July 15, 1994, with plaintiff having reasonable visitation. On or about July 25, 1994, the circuit court, without a determination of either the statutory best interests factors[4] or the existence of a custodial environment,[5] entered an order modifying the divorce judgment consistent with the stipulation. This order further provided in relevant part:

> This Order is granted without investigation by the Office of the Friend of the Court, based upon the representation of the parties that this change is in the best interests of the minor child(ren).

Defendant acquired physical custody of Heather. Intervening petitioners were not informed of the entry of the order.

However, on August 10, 1994, after they apparently became so informed, intervening petitioners moved, in relevant part, (1) to intervene in the *Sirovey v*

---

[3] Intervening petitioners, the paternal grandparents, have represented that Heather lived with them since she was an infant. Defendant has represented that Heather lived with intervening petitioners since approximately the time of plaintiff's and defendant's divorce.

[4] MCL 722.23; MSA 25.312(3).

[5] MCL 722.27(1)(c); MSA 25.312(7)(1)(c).

*Sirovey* divorce case, (2) for an order to show cause why the July stipulation and order effecting Heather's custody should not be set aside, and (3) for an order awarding them legal and physical custody of Heather. Intervening petitioners contended that an established custodial environment existed with them, that the court had jurisdiction to decide their request for third-party custody, and that they had standing to seek custody of Heather pursuant to § 7 of the Child Custody Act, MCL 722.27; MSA 25.312(7). In the alternative, intervening petitioners also requested that they be granted visitation with Heather during the pendency of the action. That same day, the court entered an order to show cause that required the parties to appear before the court on August 19, 1994, concerning the relief requested by intervening petitioners.

One day before the scheduled show cause hearing, defendant answered the motions of intervening petitioners, asserting that the court did not have jurisdiction to consider intervening petitioners' motions and that intervening petitioners did not have standing pursuant to § 6c(1) of the Child Custody Act, MCL 722.26c(1); MSA 25.312(6c)(1) (action for custody by third person). Following the scheduled show cause hearing, the court took the matter under advisement pending a ruling regarding the "jurisdictional question as to whether the paternal grandparents have standing to be awarded custody."

In September 1994, intervening petitioners moved for summary disposition, requesting that the court "enter an Order establishing this Court's jurisdiction to determine third-party custody and to immediately award and return full physical custody of [Heather] to

the Intervening Petitioners." Defendant also moved for summary disposition, requesting that the court dismiss intervening petitioners' action again on the ground that they did not have standing under § 6c(1) of the Child Custody Act to intervene in the divorce action with regard to the issue of custody. A hearing regarding the motions for summary disposition occurred in early October 1994. However, an order reflecting the circuit court's rulings at this hearing was not entered until November 9, 1994, because the parties were unable to agree upon the wording of a proposed order. As finally entered, the order provided, in relevant part, as follows:

> 1. This Court shall have jurisdiction over the minor child, HEATHER SIROVEY, for matters of custody and visitation until said child reaches the age of majority.
>
> 2. Intervening Petitioners, Paternal Grandparents, DANIEL and DOLLY SIROVEY, have standing to asset [sic] a claim for custody of said minor child in this matter pursuant to [§ 17a(1) of the divorce act, MCL 552.17a(1); MSA 25.97(1)(1)]. [6]
>
> 3. Public Act No. 259 of 1993, at Page 3, Section 6c(1) [of the Child Custody Act] does not apply to this matter.

The order also provided that intervening petitioners have visitation with Heather. In Docket No. 189136, defendant appeals by leave granted from that order.

Meanwhile, on October 11, 1994, the circuit court, after reviewing a friend of the court recommendation, entered an order sua sponte appointing a guardian ad

---

[6] The ground actually stated in the order as the basis for conferring standing on intervening petitioners was "MCR 552.17(a)(1)." However, because there is no Michigan Court Rule with such designation, we assume that the circuit court was referring to § 17a of the divorce act, MCL 552.17a; MSA 25.97(1).

litem for Heather during the pendency of this action. In Docket No. 180182, defendant appeals by leave granted from that order.

Proceedings in the lower court have continued. A custody trial was scheduled for July 1995 and then adjourned without further action. It appears that at this time Heather is in defendant's physical custody with intervening petitioners having visitation.

On appeal, defendant raises no issue concerning visitation. Rather, the sole issue raised by defendant is her contention that intervening petitioners do not have standing to bring an action for custody of Heather. In *Bowie v Arder*, 441 Mich 23; 490 NW2d 568 (1992), our Supreme Court defined standing:

"One cannot rightfully invoke the jurisdiction of the court to enforce private rights, or maintain a civil action for the enforcement of such rights, unless one has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. This interest is generally spoken of as 'standing' " . . . . [*Id.* at 42-43 (quoting 59 Am Jur 2d, Parties, § 30, p 414).]

Defendant specifically contends on appeal, as she did below, that intervening petitioners do not have standing under § 6c of the Child Custody Act to assert a claim for custody of Heather. However, intervening petitioners contend that they do have standing to assert a claim for custody pursuant to § 7(1)(a) of the Child Custody Act, which provided, in part, as follows at the time the relevant proceedings below were ongoing:

(1) If a child custody dispute has been submitted to the circuit court as an original action under this act or has

arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may:

(a) Award the custody of the child to 1 or more of the parties involved or to others and provide for payment of support for the child, until the child reaches 18 years of age. . . . [MCL 722.27(1)(a); MSA 25.312(7)(1)(a).][7]

The Child Custody Act applies directly to original child custody disputes or incidentally to child custody disputes arising from other actions, typically divorce proceedings. See *In re Clausen (DeBoer v Schmidt)*, 442 Mich 648, 683; 502 NW2d 649 (1993). The term "child custody dispute" is generally used broadly throughout the Child Custody Act "to mean any action or situation involving the placement of a child." *Frame v Nehls*, 452 Mich 171, 179; 550 NW2d 739 (1996). Accordingly, there is certainly a bona fide child custody dispute in this case between defendant and intervening petitioners concerning Heather's placement. See *Bowie, supra* at 54. The question remains whether intervening petitioners have standing to assert a claim for custody of Heather. *Id.* at 55. Stated otherwise, the question remains whether intervening petitioners have standing to request the circuit court to make a determination of Heather's best interests[8] with respect to her custody. See *id.* at 41.

As a general rule, the Child Custody Act involves procedure only and does not create substantive rights of entitlement to the custody of a child. *Id.* at 43. Grandparents have no greater claim to custody than

---

[7] 1996 PA 19 clarified the language in § 7(1)(a) of the Child Custody Act without, as relevant to this case, changing the substantive meaning of that subsection.

[8] See n 4, *supra*.

any other relative or other person. *Id.* Third parties do not attain a legal right to custody on the basis of the fact that a child has resided with them. *Id.* at 45. Accordingly, intervening petitioners do not have standing to assert a claim for custody of Heather by virtue of the facts that they are her grandparents or that she lived with them.

However, the Child Custody Act does provide several exceptions whereby a third party may assert a substantive right to a child. *Id.* at 43. First, as noted by defendant, a third party has standing under § 6c of the Child Custody Act to bring an action for child custody if the child has been placed for adoption or the child's biological parents were never married, and other specifically enumerated circumstances are satisfied. See MCL 722.26c(1); MSA 25.312(6c)(1). We agree with defendant, as well as the circuit court, that this statute is inapplicable to this case.

Second, guardians and, in certain circumstances, limited guardians have standing under § 6b of the Child Custody Act to petition for child custody. MCL 722.26b; MSA 25.312(6b). In this case, there is no indication that intervening petitioners ever sought to become Heather's guardians. Thus, this statute is inapplicable.

Finally, at the time the relevant proceedings below were ongoing, § 7b(1) of the Child Custody Act provided that grandparents could seek "visitation" with their grandchildren "if a child custody dispute with respect to that child is pending before the court." MCL 722.27b(1); MSA 25.312(7b)(1).[9] Unlike other

---

[9] 1996 PA 19 substituted the term "grandparenting time" for the term "visitation."

sections of the Child Custody Act, § 7b specifically defines the term "child custody dispute" to include a proceeding in which the marriage of the child's parent is dissolved. MCL 722.27b(2)(a); MSA 25.312(7b)(2)(a); see also *Frame, supra.* Under § 7b, a child custody dispute is still "pending" after a judgment of divorce is entered. *Brown v Brown,* 192 Mich App 44, 45; 480 NW2d 292 (1991). In such circumstances the grandparent may seek an order of visitation by intervening in the dispute and filing a motion to show cause. *Bert v Bert,* 154 Mich App 208, 213; 397 NW2d 270 (1986) (citing MCL 722.27b[1] and [3]; MSA 25.312[7b][1] and [3]). The circuit court then determines whether "visitation" is in the best interests[10] of the child. MCL 722.27b(3); MSA 25.312(7b)(3).[11]

In this case, intervening petitioners have standing to seek a determination of Heather's best interests with respect to visitation because under § 7b of the Child Custody Act a child custody dispute remained pending after plaintiff's and defendant's judgment of divorce was entered. *Brown, supra.* Thus, we conclude that the circuit court did not err to the extent that it permitted intervening petitioners to intervene in the *Sirovey v Sirovey* divorce case for the purpose of asserting their rights to visitation with Heather.

Nevertheless, while intervening petitioners have standing to seek a best interests determination with respect to visitation, they do not have standing under the preceding analysis to seek a determination of Heather's best interests with respect to her custody.

---

[10] See n 4, *supra.*

[11] See n 9, *supra.*

However, intervening petitioners contend that they have standing to assert a claim for custody of Heather pursuant § 7(1) of the Child Custody Act because the child custody dispute in this case arose incidentally from the underlying divorce action and they are the "others" specified in that section to whom the circuit court may award custody. We reject this argument to the extent that it relies on § 7(1) of the Child Custody Act as a basis for standing. As noted above, except for the previously discussed exceptions, the Child Custody Act involves procedure only and does not confer substantive rights of entitlement to custody of a child.

However, in its November 1994 order, the circuit court stated that it had continuing jurisdiction over Heather for custody matters. In addition, the court found that intervening petitioners had standing to assert a claim for Heather's custody pursuant to § 17a(1) of the divorce act, which provides in relevant part as follows:

> The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties as authorized in this chapter to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years . . . . [MCL 552.17a(1); MSA 25.97(1)(1).]

However, our preceding analysis of standing is not limited only to the Child Custody Act. *Clausen, supra* at 682. Rather, neither the Child Custody Act *nor any other authority* gives standing to create a custody dispute to a third party who does not possess a substantive right to custody. *Id.* See also *Bowie, supra* at 41, 45. In *Clausen, supra* at 682-683, our Supreme Court rejected an argument that two jurisdictional

provisions contained in the Uniform Child Custody Jurisdiction Act[12] granted third parties standing to seek custody of a child.

In this case, § 17a of the divorce act concerns a circuit court's continuing jurisdiction over child custody matters in divorce actions. *Bert, supra* at 211. Intervening petitioners have not established that they possess a substantive right to custody. Thus, we conclude that the circuit court erred in this case to the extent that it found that § 17a of the divorce act conferred standing upon intervening petitioners.

However, in *Ruppel v Lesner*, 421 Mich 559, 565-566; 364 NW2d 665 (1984) (emphasis supplied), the seminal case concerning third-party standing in child custody cases,[13] our Supreme Court stated in relevant part as follows:

> We conclude that where a child is living with its parents, and divorce or separate maintenance proceedings have not been instituted, and there has been no finding of parental unfitness in an appropriate proceeding, the circuit court lacks the authority to enter an order giving custody to a third party over the parents' objection. The Child Custody Act does not create substantive rights of entitlement to custody of a child. Rather, it creates presumptions and standards by which competing claims to the right of custody are to be judged, sets forth procedures to be followed in litigation regarding such claims, and authorizes the forms of relief available in the circuit court. *While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce)*[7], nothing in the Child Custody Act, nor in any other authority of which we are aware,

---

[12] MCL 600.651 *et seq.*; MSA 27A.651 *et seq.*

[13] After conflicting constructions of *Ruppel* by this Court, our Supreme Court in *Bowie, supra* at 41, held that *Ruppel* was a standing case.

authorizes a nonparent to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third party is in the "best interests of the child." When, as in this case, the third parties are close relatives of the child, we must remember that, except for limited visitation rights, grandparents have no greater claim to custody than any other relative or indeed any other persons. The rule adopted by the Court of Appeals would permit any person to file a circuit court action asking for change of the custody of a child living with parents who were not involved in a divorce or separation procedure. We think it clear that the Legislature contemplated no such result.

---

[7] See, *e.g.*, *Deel v Deel*, 113 Mich App 556; 317 NW2d 685 (1982) (divorce action—temporary custody with grandmother); *Siwik v Siwik*, 89 Mich App 603; 280 NW2d 610 (1979) (original divorce judgment granted custody to grandparents); *Stevens v Stevens*, 86 Mich App 258; 273 NW2d 490 (1978) (remand for further findings regarding best interest of the child in custody dispute between a parent and an aunt and uncle); *Bahr v Bahr*, 60 Mich App 354; 230 NW2d 430 (1975) (divorce judgment awarded custody to child's aunt).

---

In *Bowie, supra* at 48-49, our Supreme Court further clarified its reference in *Ruppel* to an award of custody to a third party in a divorce proceeding:

Therefore, we reaffirm our holding in *Ruppel* that a third party cannot create a custody dispute by simply filing a complaint in circuit court alleging that giving legal custody to the third party is in the best interests of the child. A third party does not have standing to create a custody dispute not incidental to divorce or separate maintenance proceedings[22] unless the third party is a guardian of the child or has a substantive right of entitlement to custody of the child.

22 "While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce)," *Ruppel, supra* at 565-566, *such an award of custody is based not on the third party's legal right to custody of the child, but on the court's determination of the child's best interests.* [Emphasis supplied.]

Thus, *Ruppel* and *Bowie* indicate that, when appropriate, a circuit court may award custody to a third party in a divorce case. However, *Bowie* indicates that an award of custody to a third party in a divorce case is not based on the third party's standing to assert a claim for custody,[14] but, rather, in an appro-

[14] Despite the clear statement to this effect in *Bowie*, in *Porter v Overton*, 214 Mich App 95; 542 NW2d 288 (1995), this Court stated that the recent amendments of the Child Custody Act contained in 1993 PA 259 provide that third parties have standing to file a child custody action "if divorce or separate maintenance proceedings have been instituted . . . ." *Porter, supra* at 103; see also *Tallman v Milton*, 192 Mich App 606, 612; 482 NW2d 187 (1992) (noting that in *Hastings v Hastings*, 154 Mich App 96; 397 NW2d 232 [1986], this Court found that a third party may bring a custody action under the Child Custody Act where divorce or separate maintenance proceedings have been instituted). However, the *Porter* Court makes its assertion concerning third-party standing in divorce proceedings without citation to specific authority in 1993 PA 259. Our reading of this act is not in accord with that of the *Porter* Court. Specifically, we find no provision of 1993 PA 259 that grants a third party a substantive right to custody because divorce proceedings have been instituted.

We do note that following *Ruppel*, panels of this Court interpreted that opinion in various ways. Specifically, some panels interpreted *Ruppel* as holding that as a general rule a circuit court does not have subject-matter jurisdiction to consider a third-party custody action. See, e.g., *Marshall v Beal*, 158 Mich App 582; 405 NW2d 101 (1986); *Hastings, supra*; see also *Bowie, supra* at 33-34. However, noting the statement in *Ruppel* that custody could be awarded to a third party in divorce proceedings, these panels held that this statement created an exception to the general rule and that a circuit court could consider a third-party custody action, as variously phrased by these panels, where the circuit court has otherwise obtained jurisdiction over the minor child, or where judicial intervention

priate case, on the circuit court's determination of the child's best interests.[15] We thus examine the divorce act and the cases cited in *Ruppel* to determine what constitutes an appropriate divorce case in which custody may be awarded to a third party despite a lack of standing.

We begin by again citing § 17a(1) of the divorce act:

---

has already taken place, such as in divorce proceedings. See *Marshall, supra; Hastings, supra;* see also *Bowie, supra.* However, as indicated previously at n 13, *supra*, in *Bowie* our Supreme Court held that its decision in *Ruppel* did not turn on the circuit court's lack of jurisdiction, but, rather, turned on the third parties' lack of standing to petition for custody of their granddaughter. Thus, in light of *Bowie* and its requirement that a third party have standing, i.e., some substantive right to the custody of a child, we view the analysis contained in these previous cases as now suspect. See also *Clausen, supra* at 681-682.

In any event, the facts of the *Porter* case are distinguishable from those of this case. Moreover, the *Porter* Court's statement that 1993 PA 259 provides third parties with standing to file a custody action where divorce proceedings have been instituted was not essential to a determination of the issues raised in that case. Therefore, the *Porter* Court's statement did not constitute a rule of law binding on this panel by virtue of Administrative Order No. 1996-4.

Likewise, the facts of *Tallman, supra*, are distinguishable from this case, and its statement that a third party may bring a custody action where divorce proceedings have been instituted was not essential to a determination of the issues raised in that case. Thus, we again find that the *Tallman* Court's statement did not constitute a rule of law binding on this panel by virtue of Administrative Order No. 1996-4.

[15] See also *Sherfey v Sherfey*, 179 Mich App 291; 445 NW2d 198 (1989), in which a circuit court order awarded custody of the parties' child to third parties during the pendency of the parties' divorce action. This Court noted that during the pendency of the divorce action the presence of the third parties

as "parties" was merely for the purpose of allowing the circuit court to consider whether it would be in Billie Jo's best interests to place her with them upon the divorce of plaintiff and defendant. [*Id.* at 296.]

However, *Sherfey* is of limited value because it was decided under the now rejected view that *Ruppel* concerned a circuit court's subject-matter jurisdiction in a third-party child custody case. *Bowie, supra;* see also ns 13 and 14, *supra*.

The court shall have jurisdiction in making such order or judgment relative to the minor children of such parties *as authorized in this chapter* to award custody of each child to 1 of the parties or a third person until each child has attained the age of 18 years . . . . [MCL 552.17a(1); MSA 25.97(1)(1) (emphasis supplied).]

The jurisdiction of the circuit court over divorce cases is strictly statutory. *McCormick v McCormick*, 221 Mich App 672, 680-681 562 NW2d 504 (1997). Under § 17a of the divorce act, the circuit court's continuing jurisdiction over custody matters in divorce proceedings is limited to the entry of orders "authorized by this chapter," i.e., chapter 552 (divorce) of the Michigan Compiled Laws. *Bert, supra* at 212. Thus, we examine what custody orders are authorized by the divorce act. Under § 15 of the divorce act, a circuit court is authorized during the pendency of a divorce proceeding to enter such orders as it considers proper and necessary concerning the custody of the parties' minor children. MCL 552.15; MSA 25.95. Thus, in entering a custody order during the pendency of a divorce proceeding, the court has jurisdiction under § 17a(1) of the divorce act to award custody to a third person. MCL 552.17a(1); MSA 25.97(1)(1).

Under § 16 of the divorce act, a circuit court is authorized upon entering a judgment of divorce to enter such orders as it considers just and proper concerning the custody of the parties' minor children. MCL 552.16; MSA 25.96. Thus, in entering a judgment of divorce, the court has jurisdiction under § 17a(1) of the divorce act to award custody to a third person. MCL 552.17a(1); MSA 25.97(1)(1).

At the time the relevant proceedings below were ongoing, § 17(1) of the divorce act provided as follows:

> The court may, from time to time afterwards, *on the petition of either of the parents,* revise and alter such decree concerning the care, custody, maintenance, and support of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children shall require. [MCL 552.17(1); MSA 25.97(1)[16] (emphasis supplied).]

Thus, under § 17(1) of the divorce act, the circuit court may enter postjudgment custody orders only "on the petition of either of the parents." MCL 552.17(1); MSA 25.97(1); *Bert, supra* at 212. In making such order, the circuit court has jurisdiction under § 17a(1) of the divorce act to award custody to a third person. MCL 552.17a(1); MSA 25.97(1)(1).

Next, we briefly discuss the cases cited in *Ruppel, supra* at 565-566, n 7, as appropriate divorce cases in which custody may be awarded to a third party according to the best interests of the child. In *Deel, supra* at 558, the plaintiff father filed for a divorce from the defendant mother and obtained an ex parte interim order granting him custody of the parties' child. Less than a month later, a new order was entered granting temporary custody to the child's maternal grandmother. *Id.* Much of the subsequent divorce trial concerned the custody dispute between the plaintiff father and maternal grandmother. *Id.* at 559. However, the judgment of divorce awarded cus-

---

[16] 1996 PA 9 clarified the language in § 17(1) of the divorce act without, as relevant to this case, changing the substantive meaning of that subsection.

tody to the plaintiff father. *Id.* The defendant mother, who sought to have custody awarded to the maternal grandmother, appealed, contending that the circuit court erroneously had applied the Child Custody Act to the child custody dispute before the court. *Id.* at 560-564. This Court affirmed the award of custody to the plaintiff father. *Id.* at 564.

In *Siwik, supra* at 605, the defendant mother, during her marriage to the plaintiff father, voluntarily gave physical custody of the parties' child to the child's paternal grandparents. When the parties' subsequent default judgment of divorce was entered, the judgment awarded custody of the child to the paternal grandparents. *Id.* The defendant mother thereafter petitioned to modify the custody portion of the divorce judgment. *Id.* Following a custody hearing, the circuit court entered an order changing custody to the defendant mother. *Id.* The paternal grandparents appealed, contending that the circuit court had not properly interpreted the Child Custody Act in determining that the child's best interests required a change of custody. *Id.* at 605-606. This Court affirmed the award of custody to the defendant mother. *Id.* at 610; see also *Straub v Straub*, 209 Mich App 77; 530 NW2d 125 (1995).

In *Stevens, supra* at 261, the plaintiff mother filed for a divorce from the defendant father. Shortly thereafter, a paternal uncle and his wife obtained physical custody of the parties' child.[17] *Id.* The subsequent

---

[17] In *Stevens*, the plaintiff mother successfully petitioned the probate court during the pendency of the divorce proceedings to have the child's paternal uncle and his wife appointed the child's guardian. *Id.* However, § 6b of the Child Custody Act, which confers standing upon guardians to seek custody, was not added to the Child Custody Act until 1990. See 1990 PA 315. Thus, we do not find the fact that the paternal uncle and aunt

default judgment of divorce awarded custody of the child to the plaintiff mother, who allowed the child to remain with the paternal uncle and his wife. *Id.* The plaintiff mother thereafter petitioned the circuit court for a change of custody. *Id.* Following a custody hearing, the court entered an order awarding the plaintiff mother custody of the child. *Id.* at 261-262. The paternal uncle and his wife appealed. *Id.* at 262. This Court reversed and remanded for further proceedings on the ground that the circuit court erroneously had applied the Child Custody Act to its custody decision.

In *Bahr, supra* at 355, the judgment of divorce awarded custody of the parties' children to the plaintiff mother. Thereafter, the defendant father petitioned for a change of custody. *Id.* Following a custody hearing, the circuit court entered an order awarding physical custody of the children to a maternal aunt and her husband. *Id.* at 356. The defendant father subsequently again petitioned for a change of custody. *Id.* The circuit court denied the petition, and the defendant father appealed. *Id.* This Court affirmed the denial of the defendant father's petition for a change of custody.

However, in *Geark v Geark*, 318 Mich 614; 29 NW2d 89 (1947), the judgment of divorce awarded custody of the parties' children to the defendant wife. *Id.* at 615. Approximately six months later, the paternal grandmother petitioned to intervene in the *Geark v Geark* divorce case, "asking that the decree be modified, the legal custody be taken from the defendant, the mother of the children, and awarded to her." *Id.*

---

were appointed guardians of the child to be of any consequence in our consideration of *Stevens.*

at 616. The circuit court denied the defendant wife's motion to dismiss, and, following a hearing, entered an order awarding custody of the children to the grandmother. *Id.* at 616-617.

Our Supreme Court set aside the order and remanded for further proceedings. *Id.* at 618-619. As relevant to this case, the Court stated:

> The petition was filed by Marjorie Geark [the paternal grandmother] in her own name and on her own behalf. It formed no proper basis for a hearing and the motion to dismiss should have been granted. There is no procedure whereby this petitioner, a stranger to the divorce case, on her own behalf, may seek the modification of a provision of the decree, and the care, custody and maintenance of the minor children. The statute ([1929 CL 12739]) provides that the court may "on the petition of either of the parents" revise and alter a decree concerning the care, custody and maintenance of the minor children of the marriage. We are not here called upon to determine whether such a petition may be filed on behalf of the children or the State, by the prosecuting attorney or the friend of the court. [*Id.* at 617.]

In *Geark,* our Supreme Court cited 1929 CL 12739, a predecessor statute of MCL 552.17; MSA 25.97, as the basis for holding that the grandmother's intervening petition for custody was not properly before the circuit court in the divorce action. Moreover, in *Bert, supra,* this Court held in an analogous case that the circuit court was without subject-matter jurisdiction under the divorce act to enter a postjudgment-of-divorce order granting grandparent visitation where the order had been entered pursuant to the paternal grandmother's postjudgment petition and not " 'on the petition of either of the parents.' " *Id.* at 212 (quoting § 17 of the divorce act). Although noting that the court had subject-matter jurisdiction under the Child

Custody Act to consider the grandparent visitation claim, this Court further found that the paternal grandmother did not follow the proper procedure set forth in § 7b of the Child Custody Act to assert her claim for grandparent visitation. *Id.* at 212-213.

Pursuant to the above statutes and case law, we believe that the appropriate divorce case in which a third party without standing may be awarded custody of a child can best be summarized as follows. When a parent, such as the parents in the cases cited in *Ruppel*, as well as the plaintiff and defendant in this case, files for divorce, a custody dispute is created by a person with standing to request the circuit court to make a determination of the child's best interests with respect to custody of the child. As in *Deel, supra,* and *Siwik, supra,* the circuit court has jurisdiction under the divorce act to award custody of the child to a third party during the pendency of the divorce proceedings or upon entry of the judgment of divorce, not because the third party has a legal right to the child (standing), but because the court has determined that it is in the child's best interests that custody be awarded to the third party.

When a parent petitions for a change in custody following the entry of the divorce judgment, again, a custody dispute is created by a person with standing to request the circuit court to make a determination of the child's best interests with respect to custody of the child. As in *Bahr, supra,* the circuit court has jurisdiction under the divorce act to enter an order modifying the judgment of divorce and award custody of the child to a third party not because the third party has standing, but because the court has deter-

mined that it is in the child's best interests that custody be awarded to the third party.[18]

Thus, when plaintiff filed for divorce in this case, a custody dispute, i.e., a situation involving the placement of a child, was created by a person with standing to request the circuit court to make a determination of a child's best interests with respect to custody of the child. The circuit court had jurisdiction under the divorce act and could have awarded custody of Heather to intervening petitioners during the pendency of the plaintiff's and defendant's divorce proceedings or when the judgment of divorce was entered.

Thereafter, plaintiff and defendant sought to have their postjudgment custody stipulation entered as an order. However, a circuit court is generally not bound by stipulations or agreements concerning child custody. *Koron v Melendy*, 207 Mich App 188, 191; 523 NW2d 870 (1994); but see *DeRush v DeRush*, 218 Mich App 638, 641; 554 NW2d 322 (1996) (in a custody case, a court is without authority to disregard a factual stipulation that does not preclude the court from considering the best interests factors). Thus, the

---

[18] Accord *Bowie, supra* at 58; see also *Ringler v Converse*, 445 Mich 907; 515 NW2d 739 (1994), in which our Supreme Court entered a peremptory order of reversal that stated as follows:

In lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed, and the judgment of the Kent Circuit Court is reinstated. MCR 7.302(F)(1). A circuit court does not err in exercising its jurisdiction to decide a bona fide dispute in a child custody case whether that dispute is brought before the court by a proper petition for custody under the Child Custody Act, MCL 722.21 *et seq.;* MSA 25.312(1) *et seq., or by a defendant's counterclaim.* See *Bowie* [*supra*]. [Emphasis supplied.]

See also *Porter*, n 14, *supra* at 104.

circuit court in this case could have declined to enter the stipulation as an order and proceeded to make a determination of Heather's best interests. See MCR 2.119(D), 3.213. Viewing plaintiff's and defendant's custody stipulation as analogous to a postjudgment petition to modify custody, the court would have had jurisdiction under the divorce act to award custody of Heather to intervening petitioners if it then determined such award to be in Heather's best interests.

However, the trial court entered plaintiff's and defendant's custody stipulation as an order. "Implicit in the court's acceptance of the parties' agreement is its determination that the arrangement is in the child's best interest." *Koron, supra* at 192-193.[19] Thereafter, intervening petitioners moved to intervene in the *Sirovey v Sirovey* divorce case and moved for a change of custody. However, intervening petitioners' postjudgment motion to intervene to assert a claim for custody did not form the proper basis for a hearing regarding the issue of custody in the *Sirovey v Sirovey* divorce case because the circuit court did not have jurisdiction under the divorce act to consider this motion where it was not a "petition of either of the parents." MCL 552.17; MSA 25.97; *Geark, supra*; *Bert, supra*. Thus, the circuit court erred to the extent that it held that it had jurisdiction under

---

[19] We note that there is some case law to the effect that a circuit court errs in modifying the terms of a custody arrangement without placing on the record its findings of fact concerning the best interests factors. See *Koron, supra* at 192; *Napora v Napora*, 159 Mich App 241; 406 NW2d 197 (1986); but see *Koron, supra* (there must be a distinction between cases in which custody is contested and cases where the parties present the court with an agreement regarding custody). However, we express no opinion regarding the procedure utilized in this case because no appeal has been taken from or issue raised concerning the order based on the stipulation that was entered.

the divorce act to enter custody orders pursuant to intervening petitioners' postjudgment custody motion. To the extent that it took any action on intervening petitioners' request for custody under the divorce act, its action was void for want of subject-matter jurisdiction. *Bowie, supra* at 56. Accordingly, unlike the cases cited in *Ruppel,* the postjudgment divorce proceedings initiated by intervening petitioners in this case did not constitute an appropriate or typical divorce case in which custody may be awarded to a third party without standing.

However, the circuit court nevertheless had subject-matter jurisdiction as a court of general jurisdiction to consider intervening petitioners' bona fide custody dispute even apart from the divorce action. *Bowie, supra* at 39, 54. However, intervening petitioners, as we have already determined, do not have standing to bring an original action for custody under the Child Custody Act. Moreover, intervening petitioners have not cited any other authority under which they have standing to bring a custody action to which the Child Custody Act could be applied incidentally. Thus, the circuit court should have dismissed intervening petitioners' request for custody on the basis that intervening petitioners do not have standing to bring a custody action. *Id.* at 55.

Accordingly, for the reasons stated in this opinion, we reverse the October and November orders except to the extent that they relate to intervening petitioners' visitation with Heather. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.