*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CLAUDE HALSTEAD,

      Plaintiff-Appellee,

v

KELLY HALSTEAD,

      Defendant-Appellant.

UNPUBLISHED
May 5, 2022

No. 358181
Crawford Circuit Court
LC No. 10-008308-DM

Before: RONAYNE KRAUSE, P.J., and MURRAY and O'BRIEN, JJ.

MURRAY, J. (*concurring*).

For the reasons explained below, I concur in the majority's ultimate conclusion to reverse the trial court's order granting plaintiff sole legal custody.

First, much of the majority's discussion about the trial court sua sponte raising the issue of legal custody is unnecessary. The simple fact is, as the majority eventually recognizes, is that the trial court was permitted to raise the issue on its own. The only error was making an initial ruling on the issue without first affording the parties a chance to address the issue. But since the trial court recognized that error and remedied it by granting the parties a hearing on the issue, there really isn't any viable argument of reversible error at this stage of the proceeding. *Al-Maliki v LaGrant*, 286 Mich App 483, 485-486; 781 NW2d 853 (2009) ("Where a court considers an issue sua sponte, due process can be satisfied by affording a party an opportunity for rehearing."); see also *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 406; 576 NW2d 667 (1998). As a result, there is no need to engage in an analysis of the differences between legal and physical custody, or whether the issue was properly before the court (by proper briefing or otherwise—especially when we know it wasn't originally briefed, which is why reconsideration was granted by the trial court), since there was *no dispute* the issue wasn't raised by either party. And, since the court had the *inherent* power to raise the issue if it deemed it necessary to do so (as

long as it provided the parties a chance to address the issue), it is irrelevant whether it was properly raised by the parties or was otherwise properly before the court.[1]

Second, because the majority correctly concludes that the trial court's decision must be reversed because of its failure to consider whether proper cause or a change in circumstances exists warranting a review of the prior legal custody order, there is no need to engage in a review of the substantive decision of whether a change in legal custody was warranted. *Dailey v Kloenhamer*, 291 Mich App 660, 665-666; 811 NW2d 501 (2011). Without establishing the threshold test of proper cause or change in circumstance, a court can proceed no further. *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509, 675 NW2d 847 (2003). The majority's discussion of the trial court's findings is therefore irrelevant and unnecessary to a resolution of this appeal. I do not join any of its discussions regarding the validity of the factual underpinnings of the legal custody decision.

/s/ Christopher M. Murray

---

[1] No doubt this power should be very sparingly invoked, as courts must refrain from appearing as, or acting as, an advocate for a party. However, unlike in most other civil and criminal cases, in custody matters, the court has continuing jurisdiction to oversee the child's legal situation until certain statutory limits are reached, so there are different interests in play. See, e.g., *Sirovey v Campbell*, 223 Mich App 59, 63; 565 NW2d 857 (1997) ("Under § 16 of the divorce act, a circuit court is authorized upon entering a judgment of divorce to enter such orders as it considers just and proper concerning the custody of the parties' minor children. MCL 552.16."). When a trial court that has continuing jurisdiction over a child hears evidence it believes warrants consideration of an issue not raised by the parties but that could have a significant impact on the child, it should raise the issue while adhering to due process requirements, as the court eventually did here.