# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER D. ADLER,

        Plaintiff-Appellee,

v

AARON DORMIO,

        Defendant-Appellant.

FOR PUBLICATION
March 19, 2015
9:15 a.m.

No. 319608
Livingston Circuit Court
Family Division
LC No. 06-038864-DP

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

STEPHENS, J.

Defendant appeals from the circuit court's order denying his motion to vacate a modified universal child support order (UCSO). We vacate and remand.

## I. BACKGROUND

The underlying case arises from a paternity complaint filed by plaintiff on December 7, 2006, naming defendant as the biological father of her son, who was born on April 14, 2005. Defendant was served by alternate service with the paternity complaint on December 27, 2006, and with an order for genetic testing on January 8, 2007. Plaintiff filed a default application and moved for entry of a default order of filiation after defendant failed to respond to either the complaint or the order for testing. At the April 12, 2007 motion hearing, the trial court entered a judgment of filiation and a UCSO requiring defendant to pay $297 per month in child support, retroactive to the child's date of birth, April 14, 2005. On plaintiff's motion, the court modified the UCSO to include $368 per month for childcare effective from October 6, 2006, bringing defendant's total monthly liability for child support and childcare to $669.

Defendant claims to have first learned about the paternity case when his wages were garnished in the summer of 2009. In 2013 defendant filed a motion to set aside the judgment of filiation under section 1443(3) of the then new Revocation of Paternity Act (RPA), MCL 722.1431 et seq. in which he denied paternity. Genetic tests excluded the defendant as the father. The court held a best interests hearing to set aside the judgment of filiation and terminated his child support obligation effective September 2012, the date of the filing the RPA petition. The over $45,000 in arrears that had accrued prior to that date were unaffected by the order.

Subsequently defendant attempted to set up a payment plan for the arrears through the Friend of Court. Because only $300 of the arrears was owed to the State, the court declined to enter a discharge plan and instructed defendant to "file a motion for relief of judgment to be heard by the circuit court".

Defendant filed a motion with the circuit court to vacate his support orders and support enforcement orders pursuant to MCR 2.612(C)(1)(f). He argued below, as he argues on appeal, that although MCL 722.1443(3) does not provide a mechanism for relief from arrearages owed for a child the court determined was not his, the Legislature clearly intended such relief to be available. The trial court denied defendant's motion after stating that defendant had failed to meet his burden under MCR 2.612(C)(1)(f). It is from that order that defendant appeals.


## II. THE REVOCATION OF PATERNITY ACT AND RELIEF UNDER MCR 2.612

Defendant argues that the plain language of MCL 722.1443(3) allows him to seek relief under MCR 2.612(C)(1). We agree.

The proper interpretation of a statute is a legal question that this Court reviews de novo. *Gilliam v Hi-Temp Prods, Inc*, 260 Mich App 98, 108; 677 NW2d 856 (2003). The fundamental rule of statutory interpretation is to give effect to the legislature's intent. *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011). The Court accomplishes this by focusing on the language the Legislature adopted in the statute, giving meaning to every word, phrase, and clause in the statute and considering both their plain meaning and their context. *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 131-132; 807 NW2d 866 (2011). Courts may not speculate regarding legislative intent beyond the words expressed in a statute. *Mich Educ Ass'n v Secretary of State*, 489 Mich 194, 217-218; 801 NW2d 35 (2011). A statute that is clear and unambiguous on its face should be enforced as written. *Dep't of Agriculture v Appletree Mktg, LLC*, 485 Mich 1, 8; 779 NW2d 237 (2010).

The RPA, became effective June 12, 2012. 2012 PA 159.[1] Among other things, it permits an affiliated father[2] "whose paternity was determined based on the affiliated father's failure to participate in the court proceedings" to "file a motion with the court that made the determination to set aside the determination." MCL 722.1439(1), 1443(2)(b). The judgment of

---

[1] 2012 PA 159 is titled: "AN ACT to provide procedures to determine the paternity of children in certain circumstances; to allow acknowledgments, determinations, and judgments relating to paternity to be set aside in certain circumstances; to provide for the powers and duties of certain state and local governmental officers and entities; and to provide remedies."

[2] "Affiliated father" means a man who has been determined in a court to be the child's father." MCL 722.1433(2).

filiation in this case was entered against defendant on a motion for entry of default after defendant failed to respond or appear at proceedings. Typically, a motion under MCL 722.1439 must be filed within 3 years after the child's birth or one year of the order of filiation, whichever is later. MCL 722.1439(2). However, these requirements did not apply to persons, such as defendant, who filed their motions by June 12, 2013. MCL 722.1439(2).

MCL 722.1443(3) of the RPA provides:

A judgment under this act does not relieve a man from a support obligation for the child or the child's mother that was incurred before the action was filed *or prevent a person from seeking relief under applicable court rules to vacate or set aside a judgment*. (Emphasis added.)

The clear and unambiguous language of the statute indicates that while a judgment under the RPA does not automatically excuse a parent from compliance with prior support orders, it also does not bar a motion to have the judgment vacated or set aside by means of any applicable court rule.

This Court reviews a trial court's decision whether to set aside a judgment under MCR 2.612 for an abuse of discretion. *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999). A trial court has not abused its discretion if its decision results in an outcome within the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The "interpretation of a court rule, like a matter of statutory interpretation, is [also] a question of law that this Court reviews de novo." *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

MCR 2.612(C)(1) provides six grounds under which a court may relieve a party from "a final judgment, order, or proceeding":

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

As long as a party meets the requirements for obtaining relief under any one of the specified grounds, nothing in the text of MCR 2.612(C)(1) renders it ineffective against a UCSO as a matter of law.

Defendant seeks relief under subsection (f). *Heugel* establishes the following criteria for relief under subsection (f):

> (1) the reason for setting aside the judgment must not fall under subsections a through e,[] [3] (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered. [237 Mich App at 478-479 (citations omitted).]

At the hearing on the motion, the trial court focused on whether defendant met the necessary common-law criteria to obtain relief under MCR 2.612(C)(1)(f). Ultimately, the court noted an absence of case law on the interplay between the RPA and MCR 2.612 and stated "I just think legally I don't think the Court can grant the relief that you're requesting". In the end, the court simply stated that it did not believe that defendant had met his burden under MCR 2.612(C)(1)(f), and denied defendant's motion "for the reasons stated on the record". However, the court offered no reasons for its denial of defendant's motion other than its belief that defendant had not met his burden. We cannot say as a matter of law whether this defendant can meet the burden under MCR2.612, however, we can state that relief under that rule is available to this defendant and others who are successful under the RPA. Our review of the record shows that the trial court did not state the reasons for its holding. Consequently, we remand this issue for an articulation of the trial court's reason(s) for denial.

Although the court raised questions about each of the three *Heugel* criteria, nowhere did it specify which criterion (or criteria) defendant failed to meet.

### III. CONCLUSION

We find that MCL 722.1433(3) allows a person who has obtained a judgment under the RPA to seek relief from prior child support orders under MCL 2.612. MCL 722.1443(3) specifically allows a defendant to resort to applicable court rules to seek relief from prior support orders. MCR 2.612(C)(1) expressly provides for such relief and does not limit the type of orders from which relief may be sought. Therefore, the text of the statute and the court rule provide no legal reason barring defendant from seeking relief from the modified UCSO under MCL 2.612. We also find that based upon the record before us, the Court cannot provide the meaningful review necessary to determine whether the trial court abused its discretion in denying defendant's motion. *Woodington v Shokoohi,* 288 Mich App 352, 371; 792 NW2d 63 (2010).

---

[3] The Court relaxed this requirement somewhat by stipulating that a trial court could "properly grant relief from a judgment under MCR 2.612(C)(1)(f), even where one or more of the bases for setting aside a judgment under subsections a through e are present, when additional factors exist that persuade the court that injustice will result if the judgment is allowed to stand." *Heugel,* 237 Mich App at 481.

-4-

The order of the trial court denying defendant's motion to vacate support order pursuant to MCR 2.612(C)(1)(f) and to set aside all support enforcement orders is vacated. The issue of the applicability of MCR 2.612(C) to defendant's case is remanded to the trial court for an articulation of its reasoning. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto