*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STERLING BENEFITS, LLC, STERLING
AGENCY, INC., JOSEPH HANEY, and PAUL
MATTES,

        Plaintiffs-Appellants,

and

BOSQUETT & COMPANY,

        Plaintiff,

v

DAVID FISCHER and BOSQUETT &
COMPANY,

        Defendants-Appellees,

and

BARRY D. PAULSELL, GORDON ST. JOHN,
CONRAD CONTI, JOSEPH (JOE) HANEY,
STERLING INSURANCE GROUP, and RALPH
C. WILSON AGENCY,

        Defendants.

UNPUBLISHED
June 6, 2019

No. 342529
Oakland Circuit Court
LC No. 2009-103556-CK

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Plaintiffs, Sterling Benefits, LLC, Sterling Agency, Inc., Joseph Haney, and Paul Mattes (the Sterling plaintiffs), appeal by leave granted the order of the trial court granting the motion of defendant, Bosquett & Company (Bosquett), to set aside a default judgment. We vacate and remand.

-1-

## I. FACTS

This case involves a default judgment entered against Bosquett in 2010. In 2006 and 2007, defendant Barry Paulsell[1] attempted to purchase a minority stake in Bosquett, which was owned by David Fischer. Paulsell allegedly paid Fischer $500,000, with the understanding that he was purchasing a 25% ownership interest in Bosquett. Instead of issuing Paulsell the shares of stock, however, Fischer and others allegedly engaged in fraudulent activities and sold Bosquett's assets for personal benefit. On September 2, 2009, Paulsell, on his own behalf and on behalf of the corporation, sued Fischer, Bosquett,[2] and other defendants, alleging fraud, misrepresentation, breach of fiduciary duty, conversion, unjust enrichment, and tortious interference with contractual relations.

According to the record, the complaint was personally served upon Fischer, individually and as the registered agent for Bosquett. Neither Fischer nor Bosquett filed a responsive pleading in the case. On September 9, 2009, all parties appeared before the trial court for a hearing on Paulsell's motion for preliminary injunction. An attorney appeared at the hearing on behalf of Fischer and Bosquett, indicating that he was representing Bosquett in its role as defendant; the attorney did not enter a formal appearance in the case, however.

Thereafter, by letter dated October 15, 2009, Paulsell's counsel informed Fischer's and Bosquett's attorney that he planned to seek a default unless an answer was filed. No answer was filed, and Paulsell sought a default against Fischer and Bosquett, which was entered by the trial court on October 26, 2009. The record indicates that Fischer and Bosquett were served with the default by first-class mail. Paulsell then stipulated to dismiss his claims against the remaining defendants, who were dismissed by order of the trial court dated October 30, 2009. The trial court then closed the case, apparently inadvertently; on January 7, 2010, the trial court reopened the case against Fischer and Bosquett.

Paulsell thereafter moved for entry of a default judgment against Fischer and Bosquett, seeking statutory treble damages for conversion, asking for judgment in the amount of $1,500,000. Accompanying Paulsell's motion was the June 7, 2007 letter from Fischer in which he acknowledged on behalf of Bosquett receipt of $500,000 from Paulsell. Paulsell also submitted an affidavit attesting to the payment and loss of that money. The trial court entered a default judgment on January 8, 2010 in favor of Paulsell, and against Fischer and Bosquett, in the amount of $1,500,000, plus attorney fees of $15,000. Apparently believing that Fischer and

---

[1] Paulsell was the original plaintiff in this case. On appeal, the Sterling plaintiffs have been substituted as plaintiffs-appellants in place of Paulsell, as the real parties in interest following an assignment by Paulsell. *Paulsell v Fischer*, unpublished order of the Court of Appeals, entered April 19, 2018 (Docket No. 342529).

[2] Bosquett was thus named in the complaint as both plaintiff and defendant.

Bosquett did not have assets to satisfy the judgment, Paulsell never attempted to collect on the judgment.[3]

Meanwhile, in September 2009, Sterling Benefits, LLC, allegedly purchased Bosquett's assets, including various customer accounts. That purchase agreement allegedly provided for commissions to be paid to Bosquett, which Sterling allegedly did not pay. In 2016, Bosquett sued Sterling, seeking payment of the commissions.

In 2018, Sterling purchased the default judgment from Paulsell, apparently anticipating offsetting the default judgment against any amounts it might be determined to owe Bosquett in the Sterling-Bosquett litigation. Bosquett thereafter filed in this case an emergency motion for relief from the default judgment, arguing that the default should be set aside because the 2009 complaint had not specifically sought damages against Bosquett. The trial court, with a new trial judge presiding, granted Bosquett's motion, concluding that because the complaint had not sought money damages against Bosquett, Paulsell's motion for default seeking money damages against Bosquett had been a misrepresentation to the trial court. The Sterling plaintiffs now appeal to this Court, challenging the trial court's order setting aside the default judgment as to Bosquett.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review a trial court's decision to set aside a default judgment for an abuse of discretion. *Village of Edmore v Crystal Automation Sys Inc*, 322 Mich App 244, 255; 911 NW2d 241 (2017). Similarly, we review a trial court's decision on a motion for relief from judgment for an abuse of discretion. *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 421-422; 834 NW2d 878 (2013). If the trial court's decision is within the range of reasonable and principled outcomes, it has not abused its discretion. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). The interpretation and application of a court rule is a question of law that we review de novo. *Alder v Dormio*, 309 Mich App 702, 707; 872 NW2d 721 (2015).

### B. MCR 2.603

The Sterling plaintiffs first contend that the trial court abused its discretion when it set aside the default judgment under MCR 2.603(D)(1). We agree.

In Michigan, public policy discourages setting aside defaults and default judgments that have been properly entered. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229;

---

[3] The parties do not dispute that Fischer discharged the underlying $500,000 debt in his 2011 bankruptcy.

600 NW2d 638 (1999). At the times relevant to this case,[4] MCR 2.603(D) provided for the setting aside of a default judgment as follows, in relevant part:

**(D)      Setting Aside Default or Default Judgment**

(1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

(2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may be set aside only if the motion is filed

(a) before entry of a default judgment, or

(b) if a default judgment has been entered, within 21 days after the default judgment was entered.

(3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612.

Thus, MCR 2.603(D)[5] permits a trial court to grant relief from a default judgment when the movant shows good cause and also files an affidavit of facts showing a meritorious defense. MCR 2.603(D)(1). A party can show good cause by establishing "(1) a substantial defect or irregularity in the proceedings upon which the default is based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008) (quotation marks and citations omitted).

In this case, Bosquett failed to show good cause to set aside the 2010 default judgment. Bosquett did not identify a defect in the proceedings leading to the default judgment. Bosquett was personally served with Paulsell's complaint, naming Bosquett as both a plaintiff and a defendant. Although Bosquett's counsel stated during the September 9, 2009 hearing that he represented Bosquett in its role as defendant, Bosquett nonetheless did not file a responsive pleading. Paulsell also produced documentation to support his assertion that he contacted Bosquett's attorney before seeking the default, but Bosquett still did not file a responsive pleading or otherwise seek to avoid default. Bosquett also did not provide any reasonable excuse for its failure to participate in the proceedings in the trial court leading to the default judgment; its failure to avoid default appears to have been intentional.

---

[4] MCR 2.603 was amended effective May 1, 2019.

[5] The Sterling plaintiffs do not contend that Bosquett was personally served with the default, and accordingly, do not dispute that the 21-day limit in MCR 2.603(D)(2)(d) does not apply.

Bosquett now argues that allowing the default judgment to stand would result in manifest injustice because the underlying complaint failed to state a cause of action against it. When a claim fails to state a cause of action that would support a judgment, a default judgment based on that complaint may result in manifest injustice. See *Hunley v Phillips*, 164 Mich App 517, 523; 417 NW2d 485 (1988). Bosquett argues that because Paulsell's complaint in this case did not specifically seek an award of money damages against it, the default judgment against it is invalid. We disagree. Paulsell's complaint identifies Bosquett as both a plaintiff and a defendant. Although Paulsell's complaint is not a model of precision, each count of the complaint seeks relief from "defendants" generally, and Bosquett, indisputably, was a defendant, as Bosquett's attorney acknowledged at the September 9, 2009 hearing. Entry of a judgment against Bosquett was not manifestly unjust to Bosquett based on the pleadings to that point, because Bosquett was on notice of the allegations of the complaint, and as a defendant, Bosquett could reasonably have expected to be held liable to Paulsell, yet apparently chose not to avoid default.

Moreover, demonstrating good cause alone is not sufficient to set aside a default judgment; MCR 2.603(D) also requires an affidavit of facts showing a meritorious defense. A demonstration of good cause and an affidavit of meritorious defense are two separate requirements; both are required and may not be blurred into one requirement. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 390; 808 NW2d 511 (2011). Here, the record indicates that Bosquett failed to submit an affidavit of meritorious defense before the trial court. Because Bosquett failed to show good cause and also failed to submit an affidavit of meritorious defense, the trial court abused its discretion when it set aside the default judgment insofar as its decision rested on MCR 2.603(D).

C. MCR 2.612

The Sterling plaintiffs next contend that the trial court abused its discretion when it granted Bosquett relief from the default judgment under MCR 2.612(C).[6] Again, we agree. Grounds for relief from judgment are set forth by MCR 2.612(C), which provides in relevant part:

**(C) Grounds for Relief From Judgment.**

(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

---

[6] We reject Bosquett's suggestion on appeal that the trial court set aside of the default judgment as a correction of a "clerical mistake" under MCR 2.612(A)(1), given that the record does not support that conclusion.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. Except as provided in MCR 2.614(A)(1), a motion under this subrule does not affect the finality of a judgment or suspend its operation.

(3) This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court.

Bosquett argues that in this case, MCR 2.612(C)(1)(f) justifies setting aside the default judgment. We observe, however, that "[w]ell-settled policy considerations favoring finality of judgments circumscribe relief under MCR 2.612(C)(1)." *Rose v Rose*, 289 Mich App 45, 58; 795 NW2d 611 (2010). In that case, this Court stated:

> The first five grounds for vacating a judgment, subrules (a) through (e), delineate narrow, time-critical pathways for relief. Subrule (f) indisputably widens the potential avenues for granting relief from a judgment. But the competing concerns of finality and fairness counsel a cautious, balanced approach to subrule (f), lest the scale tip too far in either direction. Thus, while permitting relief under this subrule for "any other reason" justifying it, our courts have long required the presence of both extraordinary circumstances and a demonstration that setting aside the judgment will not detrimentally affect the substantial rights of the opposing party. [*Id*. at 58.]

Generally, extraordinary circumstances are considered to arise when the judgment was obtained by the "improper conduct of a party." *Rose*, 289 Mich App at 62. Moreover, this Court has explained that a reason put forth as a basis for relief under subsection (f) must not otherwise fall within subsections (a)-(e). See *Alder*, 309 Mich App at 708.

In this case, the trial court concluded that Paulsell had made some mistake or misrepresentation to the trial court when obtaining the default judgment, because the complaint had not sought money damages specifically from Bosquett. We note that the record does not

-6-

support this conclusion. Although Paulsell's complaint was not a model of pleading, each count of the complaint sought damages from the "defendants" generally, and Bosquett was named as a defendant. The complaint thus arguably alleged liability for all defendants, including Bosquett, for the funds Paulsell paid to Fischer, and Paulsell's subsequent efforts to secure a default judgment against Bosquett when it failed to respond to the complaint do not necessarily demonstrate misrepresentation or subterfuge by Paulsell.

Moreover, even if the facts supported a finding of misrepresentation, this ground cannot support setting aside the default under MCR 2.612(C)(1)(f) because it falls squarely within subsections (a) or (c), which is a time-limited ground that must be brought within one year of the entry of the judgment. Bosquett has identified no "extraordinary circumstances" beyond those circumstances that it argues demonstrate misrepresentation or fraud, being that the complaint and the default judgment do not match. Accordingly, Bosquett did not establish a basis justifying relief under MCR 2.612(C)(1)(f), and the trial court abused its discretion when it set aside the default judgment based on its finding of a misrepresentation.

In addition, contrary to Bosquett's assertion, MCR 2.612(C)(3) does not provide a basis for relief from the judgment in this case. MCR 2.612(C)(3) provides that the court may entertain an independent action to relieve a party from judgment or set aside the judgment for fraud on the court. Here, Bosquett did not pursue an independent action, and the trial court indicated that it was not making a finding of fraud on the court. Bosquett therefore was not entitled to relief from judgment under MCR 2.612(C)(3).

The order of the trial court setting aside the default judgment is vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica