*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIVIAN ALDRICH-WYATT f/k/a VIVIAN
TUTKO,

UNPUBLISHED
October 11, 2024
9:57 AM

        Plaintiff-Appellee,

v

No. 366234
Washtenaw Circuit Court
LC No. 19-000531-NF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

Before: BORRELLO, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Defendant, State Farm Mutual Automobile Insurance Company, appeals by leave granted[1] the order granting relief under MCR 2.612(C)(1)(f) to plaintiff, Vivian Aldrich-Wyatt f/k/a Vivian Tutko. Specifically, in this action seeking personal injury protection (PIP) benefits, the trial court granted defendant's motion for partial summary disposition of "the bills" that plaintiff had assigned to Synergy Spine & Orthopedic Surgery Center, LLC (Synergy Spine). The trial court also denied plaintiff's motion for reconsideration of that decision. But, plaintiff later claimed she revoked this assignment and moved for relief under MCR 2.612. The trial court granted plaintiff's motion for relief, set aside the prior order granting defendant's motion for partial summary disposition, and reinstated plaintiff's claim for the invoices of Synergy Spine "into this lawsuit for all alleged dates of service." We reverse and remand for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 15, 2019, plaintiff filed a complaint, alleging that she was involved in an automobile accident on September 6, 2015, and she was covered by an insurance policy issued by defendant. As a result of the accident, plaintiff claimed to suffer severe bodily injuries as well as

---

[1] *Aldrich-Wyatt v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered June 9, 2023 (Docket No. 366234).

-1-

aggravation of preexisting conditions. It was also contended that reasonable proof of loss was submitted, requiring payment of PIP benefits, but defendant unreasonably refused to pay or delayed proper payments. Plaintiff requested payments of PIP benefits, costs and attorney fees, and penalty interest.

On March 31, 2021, defendant moved for partial summary disposition. It was asserted that plaintiff's litigation sought no-fault benefits for medical bills from Synergy Spine; however, plaintiff had executed assignments of her no-fault benefits to Synergy Spine. Michigan law enforced assignments and public policy allowed insured patients to assign accrued claims to healthcare providers. Further, a valid assignment existed when there was a clearly manifested intent to vest "the present right to a thing" to the assignee. Because plaintiff clearly assigned her interest in these benefits to another (Synergy Spine), defendant alleged that plaintiff could not claim the same assigned benefits in an action filed on her own behalf. The proper remedy was to dismiss "the bills" for which plaintiff assigned her interest because her signature on the assignment extinguished her rights. If the bills were not stricken from this lawsuit, defendant potentially could be exposed to another lawsuit. To the extent plaintiff sought to collect bills assigned to another, summary disposition was allegedly proper under MCR 2.116(C)(7). And because plaintiff assigned her right to sue for collection of Synergy Spine bills, she failed to state a claim under MCR 2.116(C)(8). Moreover, summary disposition was proper under MCR 2.116(C)(10) because defendant was entitled to judgment as a matter of law when plaintiff no longer possessed the right.

On May 28, 2021, plaintiff filed her answer in opposition to defendant's motion. Plaintiff acknowledged that "the bills" were assigned to Synergy Spine and that her attorneys also represented Synergy Spine. But, she claimed that defendant never raised the issue of the assignment as an affirmative defense or in the course of discovery. Because defendant was "lurking in the weeds and hiding this potential defense", it should be precluded from raising the issue. Moreover, defendant was aware that plaintiff and Synergy Spine were represented by the same law firm because it sent payments to the law firm on behalf of Synergy Spine. The complaint was filed on May 15, 2019, and defendant filed the dispositive motion nearly two years later on March 31, 2021. Defendant failed to previously disclose this potential defense of assignment and waited until after case evaluation to file the partial dispositive motion. Applying MCR 2.111(F)(3), the defense should be deemed waived and there was no good cause to permit an amendment. Additionally, plaintiff would suffer severe prejudice if the motion was granted because "the bills" would be barred by the one-year back rule, such that she would be responsible for the payment.

On June 3, 2021, oral argument was held on the motion. The trial court determined that plaintiff's assigned claims to Synergy Spine were dismissed because the intent of the parties in the execution of the assignment was clear. On June 4, 2021, the trial court entered an order granting defendant's motion "for the reasons stated on the record."

On June 23, 2021, plaintiff moved for reconsideration of the order granting defendant's motion for partial summary disposition. Plaintiff reiterated the arguments offered to challenge the grant of defendant's motion for partial summary disposition, noting that MCR 2.119(F)(3) gave

the trial court considerable discretion to reconsider its decision even if the same grounds were raised. On July 12, 2021, the trial court entered an order denying plaintiff's motion for reconsideration, citing the presentation of the "same issues ruled on" and the failure to demonstrate "palpable error."

Over 19 months later, on February 13, 2023, plaintiff filed a motion for relief from the order granting partial summary disposition in defendant's favor, citing MCR 2.612.[2] Plaintiff reiterated her opposition to defendant's motion for summary disposition, specifically, defendant's failure to raise the issue of the assignment sooner and the denial of reconsideration of the grant of partial summary disposition on July 12, 2021. Plaintiff alleged that an "important case" was released on September 1, 2022, which reaffirmed the "longstanding rule" that a nonparty to an assignment lacked standing to challenge it, citing *Perkins v SMART*, unpublished per curiam opinion of the Court of Appeals, issued September 1, 2022 (Docket No. 357080). Plaintiff claimed that the *Perkins* Court held that parties to an assignment could revoke it and that a nonparty was unable to challenge it. Accordingly, in the present case, defendant allegedly had no standing to challenge the assignment and its revocation made between plaintiff and Synergy Spine. Plaintiff asserted that she knew that Synergy Spine's bills were a part of her lawsuit and "agreed that her assignments were revoked when [those] bills became incorporated into her lawsuit." Further, she claimed that defendant was fully aware of Synergy Spine's bills but waited until the one-year back rule expired to contest the charges, and therefore, had unclean hands. Plaintiff requested the trial court follow the unpublished *Perkins* decision and grant her request for relief.

On February 27, 2023, defendant filed its response to the motion for relief from the order granting partial summary disposition. Defendant alleged that plaintiff sought to relitigate the issue of the assignment for the third time, filed the motion nearly two years after the trial court granted partial summary disposition, and relied on the unpublished *Perkins* decision that did not create new law. Moreover, plaintiff waited more than five months after the *Perkins* decision was released to seek relief. Therefore, plaintiff's motion was "baseless, untimely, and procedurally improper." Relief from the order should not be granted because plaintiff did not analyze the criteria of MCR 2.612 and demonstrate entitlement to relief. Plaintiff allegedly failed to present adequate evidence that she revoked the assignments, and defendant was severely prejudiced by the request for relief from the order because of the upcoming trial date and the addition of $148,000 in claims to the litigation. Defendant also filed two supplemental briefs expanding on the issues of prejudice, detriment, and assignment revocation.

---

[2] MCR 2.612(C) uses the heading "Grounds for Relief from Judgment," but then states that "the court may relieve a party or the legal representative of a party from a final judgment, *order*, or proceeding," MCR 2.612(C)(1).

On April 27, 2023, the trial court heard oral argument on the motion for relief from the order granting defendant's motion for partial summary disposition.[3] Curiously, plaintiff did not argue consistent with her brief. Instead, plaintiff alleged that the trial court was bound by *C-Spine Orthopedics, PLLC v Progressive Mich Ins Co*, 344 Mich App 626; 2 NW3d 71 (2022), addressing assignments, the real party in interest, and joinder. Plaintiff acknowledged that the decision in *Farrar v SMART*, 345 Mich App 472; 7 NW3d 80 (2023), conflicted with *C-Spine*, but claimed that *C-Spine* controlled because it was "first out." After citing these cases, plaintiff stated, "So under all those circumstances I'd ask the [c]ourt to *reconsider* Judge Brown's dismissal of Synergy[ Spine's] bill based on the constant changing law in this regards." (Emphasis added.)

Defendant questioned plaintiff's failure to argue the authority raised in its motion for relief from the partial summary disposition order. That is, plaintiff previously alleged that the *Perkins* decision was "innovative new law" that required a third review of the issue previously resolved. Defendant submitted that plaintiff failed to demonstrate that there was a mutual written revocation of the assignment when the decision on the partial dispositive motion was rendered. Because plaintiff failed to do so, the *Perkins* case was inapplicable. And, although recent published decisions addressed assignments, plaintiff averred in an affidavit that she revoked the assignment. Even so, there was no evidence offered from Synergy Spine to support mutual revocation of the assignment and no new caselaw that justified granting plaintiff's motion for relief from the earlier order. Further, relief from the order granting partial summary disposition was unwarranted because defendant would be detrimentally affected and extraordinary circumstances did not exist.

The trial court ruled:

So the Synergy [Spine] bill is back in. The law has changed. The Court of Appeals daily changes things but it isn't something you[defendant] didn't know about. In fact, you went to case evaluation on it. The law has changed; I agree with [plaintiff's counsel]. You can get ready; you're going to be going to trial in two weeks.

The trial court orally denied defendant's motion for stay, citing the four years that the case had been pending. On May 8, 2023, the trial court entered an order granting plaintiff's motion for "relief from the order granting summary disposition" and reinstated the bills of Synergy Spine back into the lawsuit "for all alleged dates of service." But, as noted, this Court granted defendant's application for leave to appeal. In the order granting leave to appeal, this Court also granted the motion for stay.[4]

---

[3] Judge Archie C. Brown rendered the decisions on defendant's motion for partial summary disposition and plaintiff's motion for reconsideration. At the time of the motion for relief from the order, the litigation was assigned to Judge Timothy P. Connors.

[4] On December 30, 2023, plaintiff filed a motion to hold the appeal in abeyance because our Supreme Court had matters pending addressing the real party in interest in the context of assignments. This Court denied plaintiff's motion. *Aldrich-Wyatt v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered January 23, 2024 (Docket No. 366234).

## II. STANDARD OF REVIEW

"This Court reviews a trial court's decision whether to set aside a judgment under MCR 2.612 for an abuse of discretion." *Adler v Dormio*, 309 Mich App 702, 707; 872 NW2d 721 (2015) (citation omitted). An abuse of discretion occurs if the trial court's decision is outside the range of principled outcomes. *Id*. (citation omitted). The construction and interpretation of the court rules presents an issue reviewed de novo. *Associated Builders & Contractors of Mich v Dep't of Technology, Management, & Budget*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363601), slip op at 2.

## III. ANALYSIS

Defendant contends that the trial court abused its discretion in granting plaintiff's motion for relief and setting aside the order granting defendant's motion for partial summary disposition. We agree.

## A. MOTION FOR RELIEF FROM ORDER

MCR 2.612(C) addresses grounds for relief from judgment or order and provides in pertinent part:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, *order*, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> (d) The judgment is void.
>
> (e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.
>
> (f) Any other reason justifying relief from the operation of the judgment.
>
> (2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within a year after the judgment, order, or proceeding was entered or taken. Except as provided in MCR 2.614(A)(1), a motion under this subrule does not affect the finality of a judgment or suspend its operation. [Emphasis added.]

To show entitlement to relief under MCR 2.612(C)(1)(f), the following must be established:

(1) the reason for setting aside the judgment must not fall under sub-sections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. Generally, relief is granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered. [*Adler*, 309 Mich App at 708 quoting *Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999).]

The widest avenue for relief under MCR 2.612(C)(1)(f) requires the presence of extraordinary circumstances and a demonstration that setting aside the judgment does not detrimentally affect the substantial rights of the opposing party. *Rose v Rose*, 289 Mich App 45, 58; 795 NW2d 611 (2010).

## B. REASONABLE TIME–MCR 2.612(C)(2)

We conclude that the trial court erred in granting plaintiff's motion for relief from order because plaintiff failed to move for relief within a "reasonable time," MCR 2.612(C)(2). In the present case, plaintiff executed an assignment of rights form in favor of Synergy Spine on February 5, 2019. This assignment gave Synergy Spine "all rights, privileges and remedies" to payment for health care services, products or accommodations in accordance with the insurance code. Plaintiff filed suit against defendant on May 15, 2019. On July 20, 2020, plaintiff executed a second assignment of rights form in favor of Synergy Spine.

On March 31, 2021, defendant moved for partial summary disposition, citing plaintiff's assignment of her claims to Synergy Spine, and therefore, sought to strike those bills and services from plaintiff's litigation. Curiously, plaintiff did not allege or provide proof of any revocation of the assignments. Instead, plaintiff faulted defendant for failing to raise the issue sooner. But, the parties did not identify the exact date that the assignments were disclosed or provided to defendant in discovery or otherwise. On June 3, 2021, the trial court granted defendant partial summary disposition, and on July 12, 2021, the trial court denied plaintiff's motion for reconsideration. On February 13, 2023, just over 19 months later, plaintiff moved for relief from the order granting defendant's motion for partial summary disposition, citing the unpublished *Perkins* decision issued on September 1, 2022. Plaintiff did not explain why she waited 19 months to move for relief and waited for more than five months after the *Perkins* decision issued. Under the circumstances, we conclude that the timeframe was unreasonable. MCR 2.612(C)(2). And, although plaintiff claims that the unpublished *Perkins* decision served as the foundation for her motion, she still waited over five months after it was issued to file the motion for relief from order. Because of the delay, trial was scheduled to occur within a month of the hearing on the motion for relief from order, and the grant of the motion substantially altered the breadth of the case, specifically the services and costs that defendant would have to challenge at trial.[5]

---

[5] In *Jackson Printing Co v Mitan*, 169 Mich App 334, 339-340; 425 NW2d 791 (1988), this Court held that a 15-month delay after the judgment entry was reasonable. But in *Jackson Printing*, the defendant moved for judgment notwithstanding the verdict (JNOV). After the JNOV motion was

C. RELIANCE ON SUBSEQUENT APPELLATE DECISION BY DIFFERENT PARTIES

More importantly, *Peterson v Oakwood Healthcare, Inc*, 336 Mich App 333, 342-343; 970 NW2d 389 (2021), is controlling of this appeal. In *Peterson*, this Court held that reliance on a newly issued case did not entitle a party to relief under MCR 2.612(C)(1)(a) (mistake) or (1)(f) (the catchall provision). *Id*. Specifically, the plaintiffs filed a medical malpractice action against the defendants. The Department of Health and Human Services (DHHS) moved to intervene, claiming it had the statutory right to recover nearly $146,000 in payments made for medical services, and the motion to intervene was granted. After the plaintiffs and the defendants reached a confidential settlement agreement, the plaintiffs requested an evidentiary hearing to determine the lienholders' share. The trial court ultimately determined that the DHHS was only entitled to 21.25% of its lien. The trial court entered an order distributing the settlement on December 16, 2019. But on February 11, 2020, the DHHS moved for relief from the judgment under MCR 2.612(C)(1)(a) and (f), citing a lack of notice of entry of the order and claiming that a recently published case demonstrated that the trial court erred. *Id*. at 338-340.

The trial court found that there was no basis to grant the motion for relief from judgment, asserting that the DHHS could not rely on the recently published decision because it was not approved for publication until two months after the court approved the distributions. The trial court further held that the DHHS had notice of the order because of its appearance in the e-filing system and the register of actions. *Id*. at 341. This Court affirmed the trial court's rulings, stating:

> Regarding the newly published case, because it was not in existence at the time the trial court made its decision, the purported failure to follow it cannot be construed as a "mistake" under MCR 2.612(C)(1)(a). Accordingly, we must consider whether the DHHS's motion should have been granted under MCR 2.612(C)(1)(f). However, this Court has stated that "relief from judgment under MCR 2.612(C)(1)(f) is inappropriate where a party has not sought appellate review of a trial court's final order and the basis for relief from judgment is a subsequent appellate decision in a different case." *Farley v Carp*, 287 Mich App 1, 8; 782 NW2d 508 (2010). See also *Kidder v Ptacin*, 284 Mich App 166, 171; 771 NW2d 806 (2009) ("The interests of justice truly militate against allowing a defeated party's action to spring back to life because others have availed themselves of the appellate process.").

---

denied, the defendant attempted to pursue two appeals in this Court. Unable to obtain appellate relief, defendant filed a motion for relief from judgment. *Id*. at 336-338. This Court declined to determine that the motion for relief from judgment was not filed within a reasonable time because the issue was raised in the application for leave to appeal filed with the Court of Appeals within seven months of the judgment. *Id*. at 339-340. The *Jackson Printing* decision is distinguishable from the factual circumstances in this appeal.

The *Peterson* Court held that the trial court's ruling was correct, stating in pertinent part:

> [T]he *trial court's rejection of the DHHS's position that it could obtain relief from the final order based on a subsequently issued decision of this Court is correct*. As already explained, "relief from judgment under MCR 2.612(C)(1)(f) is inappropriate where a party has not sought appellate review of a trial court's final order and the basis for relief from judgment is a subsequent appellate decision in a different case." *Farley*, 287 Mich App at 8. On appeal, the DHHS spends a great deal of time arguing that *Byrnes* [*v Martinez*, 331 Mich App 342; 952 NW2d 607 (2019),] clearly establishes that the trial court erred. However, the DHHS does not spend any time arguing that a subsequently released case can be a proper basis to obtain relief from judgment under MCR 2.612(C)(1)(f). [*Id*. at 348 (emphasis added).]

In the present case, plaintiff assigned her rights to Synergy Spine both before and after filing suit against defendant. It is unclear when defendant actually received notice of the assignments. Nonetheless, after defendant moved for summary disposition premised on the assignments, plaintiff never raised or submitted proof of a revocation of her assignments to Synergy Spine. Nineteen months after the grant of defendant's partial summary disposition motion pertaining to the Synergy Spine bills and after the denial of plaintiff's motion for reconsideration, plaintiff filed a motion for relief from order relying on the unpublished *Perkins* decision. In light of *Peterson*, a subsequently released case may not serve as the ground for relief from judgment under MCR 2.612(C)(1)(f).

## D. RELIEF FROM JUDGMENT EVIDENCE AND CRITERIA

Furthermore, in support of her motion for relief from order, plaintiff claimed that she revoked her assignments to Synergy Spine. In her affidavit, plaintiff averred in relevant part:

> 7. When I retained Whiting Law to pursue my outstanding No-Fault benefits, it was my understanding that the Synergy [Spine] medical bill would be included in my lawsuit.

> 8. I revoked my assignment of rights to Synergy [Spine], in order to include Synergy[ Spine's] bill in my lawsuit.

Mere conclusory allegations in an affidavit are insufficient to provide evidentiary support for a claim of error. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362, 371-372; 547 NW2d 314 (1996). That is, mere conclusions must be supported by an underlying foundation. See *Rose v Nat'l Auction Group*, 466 Mich 453, 470; 646 NW2d 455 (2002). Plaintiff claims that she revoked the assignments with Synergy Spine. Yet, she failed to identify the date of revocation, state whether the revocation was mutual, provide the revocation in written form to demonstrate it superseded or vacated the previously granted assignments, or submit Synergy Spine's assent to the revocation.

Furthermore, plaintiff repeatedly alleged that defendant engaged in misconduct by failing to raise the issue of the assignments in the affirmative defenses, admissions, or interrogatories, and deliberately waited until the one-year back rule passed before seeking dismissal of plaintiff's assigned claims. To support defendant's alleged knowledge, plaintiff claimed that Synergy Spine was represented by the same counsel as plaintiff. But, the evidence offered to support knowledge was merely defendant's list of claims paid, and this listing contained names of multiple service providers with the checks apparently issued to both the provider and plaintiff's counsel at the law firm. We question how defendant would have been able to identify any assignments in the affirmative defenses before any discovery occurred.[6] And, neither party seemingly could identify precisely when defendant received copies of the assignments. Thus, plaintiff failed to establish that defendant engaged in misconduct and deliberately delayed filing the dispositive motion in order to obtain the advantage of the one-year back rule.

Applying the criteria for relief from order under subsection (f), first the grounds of MCR 2.612(C)(1)(a-e) must not be applicable. *Adler*, 309 Mich App at 708. The parties do not allege that those provisions apply to this case. Second, we agree with defendant that its substantial rights will be detrimentally affected if the order granting partial summary disposition is set aside. See *id*. On June 4, 2021, the trial court entered the order granting defendant's motion for partial summary disposition. On July 12, 2021, the trial court signed an order denying plaintiff's motion for reconsideration, citing the presentation of the "same issues ruled on" and the failure to demonstrate "palpable error." Plaintiff waited for over 19 months, to file her motion for relief from the order granting partial summary disposition in defendant's favor. Although plaintiff contended that "new" law issued to explain the delay, the *Perkins* decision was unpublished and cited to underlying caselaw and secondary sources addressing assignments. Furthermore, *Perkins* was released on September 1, 2022, and therefore, plaintiff waited for over five months after its release to file the motion for relief from order. There is no indication that defendant engaged in discovery pertaining to the Synergy Spine bills in light of the dismissal of those claims. Therefore, we conclude that defendant's substantial rights will be detrimentally affected if the order granting partial summary disposition in its favor is set aside. Accordingly, plaintiff failed to satisfy the

---

[6] We acknowledge that plaintiff's complaint stated that there was an action related to this accident filed in Lenawee County. But, plaintiff did not provide evidence from that litigation to demonstrate defendant's knowledge of the assignments in the present case.

criteria necessary to warrant relief from the order granting defendant's motion for partial summary disposition. The trial court abused its discretion by granting plaintiff's motion for relief under MCR 2.612. *Adler*, 309 Mich App at 707.[7]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.[8]

/s/ Stephen L. Borrello
/s/ Christopher M. Murray
/s/ Anica Letica

---

[7] In light of this conclusion, we need not address extraordinary circumstances.

[8] In her appellee brief, plaintiff contends that this Court should decline to rule in this appeal until our Supreme Court decides no-fault cases addressing assignment and real party in interest. But, assignments and real party in interest are not the subject matter of this appeal. The trial court granted defendant's motion for partial summary disposition and denied plaintiff's motion for reconsideration of that decision related to the assignment. Nineteen months later, plaintiff moved for *relief from that order*. This appeal involves MCR 2.612, and the standard for obtaining relief from a judgment or order. The merits of the issue addressing parties to an assignment, the real party in interest when an assignment is involved, and the impact of the revocation of an assignment is not pertinent in this appeal. MCR 2.612 simply does not condition entitlement to relief premised on the merits of the underlying order to be set aside.