HOSHOWSKI v GENAW

Docket No. 200080. Submitted April 22, 1998, at Lansing. Decided June 26, 1998, at 9:10 A.M. Leave to appeal denied, 459 Mich ___.

Michael Hoshowski brought an action in the St. Clair Circuit Court against Christina Genaw, seeking an order of filiation declaring him to be the father of the defendant's daughter. The court, Daniel J. Kelly, J., entered an order of filiation, despite a defense objection that the plaintiff lacked standing to seek an order of filiation pursuant to the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.*, because the defendant had been a married woman during the entire term of her pregnancy. The defendant appealed by leave granted.

The Court of Appeals *held*:

Before 1994 it was necessary for a putative father to bring an action under the Paternity Act before he could seek custody or parenting time pursuant to the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* In 1994, however, § 4 of the Paternity Act was amended by the addition of a new subsection 2, MCL 722.714(2); MSA 25.494(2), which clearly and unambiguously provided that an action under the Paternity Act was not required if the child's father had acknowledged paternity pursuant to § 111 of the Revised Probate Code, MCL 700.711; MSA 27.5111. Subsection 9 of § 111, MCL 700.711(9); MSA 27.5111(9), which was also added in 1994, provided that an acknowledgment of paternity that has been executed in accordance with that section was presumed to establish paternity of a man for all purposes unless he was shown not to be the father by clear and convincing evidence. Because the plaintiff and the defendant executed an acknowledgment of paternity in 1995 when the child was born, the plaintiff's paternity was established for all purposes. Accordingly, because the plaintiff's paternity had already been established, he was not required to proceed under the Paternity Act.

Affirmed.

Parent and Child — Paternity Act — Child Custody Act — Putative Fathers.

A putative father who has executed a valid acknowledgment of paternity pursuant to the Revised Probate Code does not have to proceed under the Paternity Act before bringing an action under the

Child Custody Act (MCL 700.111, 722.714[2], 722.21 *et seq.*; MSA 27.5111, 25.494[2], 25.312[1] *et seq.*).

*McIntosh, McColl, Carson, McNamee, Strickler & Rickel* (by *Nancy Bates Rickel*), for the plaintiff.

*Heyboer & Floyd, P.L.L.C.* (by *David R. Heyboer*), for the defendant.

Before: HOLBROOK, JR., P.J., and GRIBBS and R. J. DANHOF*, JJ.

GRIBBS, J. Defendant appeals by leave from an order of filiation that deemed plaintiff to be the father of defendant's daughter. Defendant claimed in her application for leave that plaintiff lacked standing to seek the order of filiation pursuant to the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.*, and the Supreme Court's ruling in *Girard v Wagenmaker*, 437 Mich 231; 470 NW2d 372 (1991), because she was a married woman from the time of conception to the birth of the child. In granting leave, this Court requested that the parties address the effects of the 1994 amendment of the Revised Probate Code that added subsection 9 to MCL 700.111; MSA 27.5111 and the 1994 amendment of the Paternity Act that added a new subsection 2 to MCL 722.714; MSA 24.494, including the question whether an acknowledgment of paternity under these amendments presumptively establishes paternity for all purposes, relieving the putative father of the need to file a complaint under the Paternity Act. We hold that the parties' properly executed affidavit of parentage establishes plaintiff as a parent under the Revised Probate Code and that plaintiff was not required to file an action under the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Paternity Act before seeking custody and parenting time under the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* Accordingly, we affirm.

Defendant argues that this action is controlled by the Paternity Act, because defendant's child was not a "child born out of wedlock" as defined under the act. MCL 722.711(a); MSA 25.491(a). We do not agree. Before the 1994 amendments of the Revised Probate Code and the Paternity Act, a proper action under the Paternity Act was necessary before a complaint could be filed under the Child Custody Act. *Afshar v Zamarron*, 209 Mich App 86, 89, 92, n 7; 530 NW2d 490 (1995). However, subsection 2 of § 4 of the Paternity Act, MCL 722.714(2); MSA 25.494(2), a provision that was added as part of its 1994 amendment, provided during the period here relevant:

> An action is not required to be brought under this act if the child's father acknowledges paternity under section 111 of the revised probate code, Act No. 642 of the Public Acts of 1978, being section 700.111 of the Michigan Compiled Laws, or if the child's paternity is established under the law of another state.[1]

Subsection 9 of § 111 of the Revised Probate Code, MCL 700.111(9); MSA 27.5111(9), added in 1994,[2] provided during the period here relevant:

---

[1] See also 1996 PA 305, the Acknowledgment of Parentage Act, specifically § 4, MCL 722.1004; MSA 25.604. Section 2 of the Paternity Act was amended at the same time by 1996 PA 308 by replacing the reference to an acknowledgment of paternity under the Revised Probate Code with a reference to an acknowledgment of paternity under the Acknowledgment of Parentage Act.

[2] Subsection 9 of § 11 of the Revised Probate Code was subsequently deleted by 1996 PA 306, which was enacted in conjunction with the enactment of 1996 PA 305, the Acknowledgment of Parentage Act.

> An acknowledgment of paternity executed as provided in this section is presumed to establish paternity *for all purposes.* The acknowledgment may be set aside by the circuit court in the county where it is filed only if the man is proven not to be the father by clear and convincing evidence. [Emphasis added.]

The amended statute also provided a specific procedure for executing and filing an acknowledgment of paternity.

The statutory amendments are clear and unambiguous. Because plaintiff and defendant properly executed an affidavit of paternity when the child was born in 1995, plaintiff's paternity was established "for all purposes" unless he was proved not to be the father by clear and convincing evidence. Because his paternity has already been established, plaintiff is not required to proceed under the Paternity Act before seeking parenting time and custody of his child.

Affirmed.