*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

OLIVIA DENNIS,

       Plaintiff-Appellee,

v

STEVE TYLER,

       Defendant-Appellant.

UNPUBLISHED
February 17, 2022

No. 358222
Allegan Circuit Court
LC No. 2013-052663-DM

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

In this divorce proceeding, defendant appeals as of right following the trial court's order that vacated the child custody and parenting-time provisions of the judgment of divorce that applied to the minor child, BT. On appeal, defendant argues that the trial court erred by not considering the best-interest factors for BT when vacating the custody and parenting-time provisions. We agree and remand the matter back to the trial court for further proceedings consistent with this opinion.

This case represents the third appeal stemming from the divorce proceedings between plaintiff and defendant. After this Court issued its opinions in *Dennis v Tyler*, unpublished per curiam opinion of the Court of Appeals, issued March 21, 2017 (Docket No. 331503) (*Dennis I*), and *Dennis v Tyler*, unpublished per curiam opinion of the Court of Appeals, issued April 30, 2019 (Docket No. 345492) (*Dennis II*), the trial court received a notice of prior court proceedings occurring in Kalamazoo Circuit Court involving BT. Specifically, the Kalamazoo Circuit Court had entered an order of filiation regarding BT's biological father, who is not defendant. The trial court then, sua sponte, entered an order vacating the parenting-time and custody provisions of the judgment of divorce in this case. Specifically, the trial court ruled:

> The Court of Appeals indicated that the Trial Court complied with the first remand and that the Plaintiff needed to file a motion in order to change the custody and parenting time provisions of the Judgment of Divorce in light of the Court's determination that the Defendant is not an affiliated father. Plaintiff has not filed such a motion. On September 25, 2020, this Court received a notice of prior court proceedings indicating that Kalamazoo had initiated a paternity case 2020-6166-

-1-

DP regarding the child at issue in this case. Based upon the Court of Appeal's 2019 order, the initiation of the Kalamazoo 2020 case, and the requirement that paternity be established prior to any entry of Custody, Parenting Time, or Child Support, the Court hereby VACATES any provision relating to Custody, Parenting Time, or Child Support in 13-52663-DM.

Defendant moved for reconsideration, and the trial court denied his motion because it found that he did not demonstrate palpable error. This appeal followed.

Defendant first argues that the trial court erred by ruling that the provisions in the judgment of divorce must be vacated because defendant could not establish paternity, which the court concluded was necessary before an order for custody or parenting time could be entered. We agree.

"We review matters of statutory interpretation and constitutional issues de novo." *LeFever v Matthews*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 353106); slip op at 4. Further, whether a party has legal standing to assert a claim constitutes a question of law that is reviewed de novo. *Heltzel v Heltzel*, 248 Mich App 1, 28; 638 NW2d 123 (2001).

This Court has emphasized that the Child Custody Act, MCL 722.21 *et seq.*, is the exclusive means of pursuing child custody rights, whereas the Paternity Act, MCL 722.711 *et seq.*, establishes a putative father's paternity and supplies a basis for court-ordered child support, custody, or parenting time, and the Acknowledgment of Parentage Act, MCL 722.1001 *et seq.*, provides a means for a putative father to similarly establish paternity, but without further adjudication under the Paternity Act. See *Aichele v Hodge*, 259 Mich App 146, 153; 673 NW2d 452 (2003); *Eldred v Ziny*, 246 Mich App 142, 148; 631 NW2d 748 (2001).

The trial court did not explain in its order vacating the provisions of the judgment of divorce why "the requirement that paternity be established before any entry of Custody, Parenting Time, or Child Support" required it to vacate the provisions of the judgment of divorce. However, in its order denying defendant's motion for reconsideration, the trial court cited *Hoshowski v Genaw*, 230 Mich App 498; 584 NW2d 368 (1998), for the proposition that a "putative father may not seek custody or parenting time under the Child Custody Act unless there is first an acknowledgement of paternity or an order of filiation under the Paternity Act."

In *Hoshowski*, 230 Mich App at 499, the defendant was the biological mother of a child, and she appealed an order of filiation that determined that the plaintiff was the child's father. The defendant argued that the Paternity Act controlled the plaintiff's complaint and, before 1994, it required the plaintiff to file for paternity under the Paternity Act before moving for custody pursuant to the Child Custody Act. *Id*. at 500. However, this Court determined that the plaintiff and the defendant properly executed an affidavit of parentage when the child was born, and this acknowledgment established the plaintiff's paternity "for all purposes" which would not require him to proceed under the Paternity Act before seeking custody and parenting time. *Id*. at 501. This Court in *Hoshowski* only ruled that an affidavit of parentage was sufficient to establish paternity "for all purposes," which meant that the plaintiff could avoid moving for a paternity determination under the Paternity Act before moving for custody and parenting time under the Child Custody Act. Therefore, the trial court's reasoning in this case is incorrect because

-2-

*Hoshowski* does not affirmatively require that every putative father establish paternity before being included in a custody and parenting-time order.

However, as explained by this Court in *Aichele*, 259 Mich App at 162, putative fathers must establish paternity before they have standing to *move* for custody and parenting time pursuant to the Child Custody Act. The defendant in *Aichele*, 259 Mich App at 148, was married to another man when she gave birth to a minor child who was fathered by the plaintiff. While she was still married to her husband, the defendant and the plaintiff executed an affidavit of parentage that listed the plaintiff as the biological father of the minor child. *Id.* at 148-149. The plaintiff then moved for joint legal custody, reasonable parenting time, and a determination of child support. *Id.* at 149. In response, the defendant moved to dismiss the plaintiff's complaint for lack of standing, arguing that the minor child was presumed by the Paternity Act to be the child of her marriage to her husband, and denying that the plaintiff was the father. *Id.* The defendant's husband then intervened, and he argued that he was the presumptive father and that the plaintiff's affidavit was invalid because the Acknowledgment of Parentage Act required the defendant to be unmarried at the time the plaintiff and the defendant signed the affidavit. *Id.* at 150.

In determining whether the plaintiff had standing to move for custody and parenting time under the Child Custody Act, this Court ruled that "the Paternity Act, the Acknowledgement of Parentage Act, and the Child Custody Act, which serve interrelated purposes, must be interpreted consistently with each other and read in pari materia." *Id.* at 161. This Court held:

> Accordingly, under the Child Custody Act, when a child is born in wedlock and there has been no judicial determination that the child is not issue of the marriage, the "parents" are the mother and her husband. This is in keeping with *Girard* [*v Wagenmaker*, 437 Mich 231; 470 NW2d 372 (1991)], in which our Supreme Court held that if a child is conceived or born during a marriage and there has been no judicial determination that the child was not issue of the marriage, a putative father has no standing to contest paternity under the Paternity Act or seek custody under the Child Custody Act.
>
> Here, because defendant and [her husband] were married when the child was conceived and born, defendant and [her husband] are her parents. There has been no judicial determination otherwise. Under these circumstances, plaintiff cannot seek such a determination under the Paternity Act. Further, he cannot execute a valid affidavit of parentage under the Acknowledgement of Parentage Act. In essence, when a child is born during a marriage, a putative father can never successfully institute legal proceedings to be declared a parent. Because plaintiff cannot obtain a legal determination that he is the child's "parent," he does not have standing to seek custody of her under the Child Custody Act. [*Id.* at 161-162 (citations omitted).]

Therefore, putative fathers must have standing in order to *seek* custody of minor children under the Child Custody Act, and standing requires a showing of paternity.

In this case, defendant was not the party who initially raised the issue of custody. Plaintiff is the party who moved for divorce and moved for custody and parenting-time determinations of

the minor child. Defendant does not need to seek standing, through paternity, because he is the nonmoving party.

Additionally, and contrary to the trial court's assertion, this Court has ruled that a party who is not a biological parent of a minor child may, nevertheless, be awarded custody of the minor child through divorce proceedings. In *Sirovey v Campbell*, 223 Mich App 59, 63; 565 NW2d 857 (1997), the plaintiff was the biological father of a minor child, and the defendant was the biological mother. The plaintiff and the defendant were married at the time that the minor child was born, but then they later entered a consent judgment of divorce that awarded sole physical custody of the child to the plaintiff, without mention of custody or visitation for the minor child's paternal grandparents. *Id*. The plaintiff then allowed the minor child to live with the plaintiff's parents, who are also the minor child's paternal grandparents. *Id*. at 63-64. However, the plaintiff and the defendant then entered into a stipulated order that awarded the defendant sole physical custody of the minor child, again without mention of the minor child's paternal grandparents, and the trial court then modified the divorce judgment to be consistent with this stipulation. *Id*. at 64. The minor child's paternal grandparents then attempted to intervene into the divorce proceedings to seek custody, or visitation, of the minor child because, they argued, the minor child had an established custodial environment with them. *Id*. at 64-65. Even though this Court ruled that the minor child's grandparents lacked standing to intervene and bring a custody action, *id*. at 84, this Court also held that "a custody dispute is created by a person with standing to request the circuit court to make a determination of the child's best interests with respect to custody of the child." *Id*. at 81.

> [T]he circuit court has jurisdiction under the divorce act to award custody of the child to a third party during the pendency of the divorce proceedings or upon entry of the judgment of divorce, not because the third party has a legal right to the child (standing), but because the court has determined that it is in the child's best interests that custody be awarded to the third party. [*Id*.]

Similarly, in *Ruppel v Lesner*, 421 Mich 559; 364 NW2d 665 (1984), our Supreme Court ruled:

> While custody may be awarded to grandparents or other third parties according to the best interests of the child in an appropriate case (typically involving divorce), nothing in the Child Custody Act, nor in any other authority of which we are aware, authorizes a nonparent to create a child custody "dispute" by simply filing a complaint in circuit court alleging that giving custody to the third party is in the "best interests of the child." [*Id*. at 565-566 (citations omitted).]

Even though *Sirovey* and *Ruppel* involve the ability for grandparents to seek custody of a minor child, this Court and our Supreme Court have made clear that custody may be awarded to parties who are not the biological parent of a minor child, and may not otherwise have standing to move for custody, so long as it is in the best interests of the minor child.

Furthermore, the unambiguous language of the Child Custody Act, MCL 722.27(1), does not require a party to be the biological parent, or have otherwise established paternity, in order to benefit from an order of custody or parenting time:

If a child custody dispute has been submitted to the circuit court as an original action under this act or has arisen incidentally from another action in the circuit court or an order or judgment of the circuit court, for the best interests of the child the court may do 1 or more of the following:

(a) Award the custody of the child to 1 or more of the parties involved or to others . . . .

Simply put, the Child Custody Act allows custody to be awarded to one or more parties involved in a custody dispute, or to others, so long as it is in the best interests of the child. Defendant is a party to the judgment of divorce, which awarded him custody and parenting time. Therefore, defendant does not need to establish paternity to benefit from the custody and parenting-time provisions of the judgment of divorce. He also did not need to establish standing, through paternity, as the nonmoving party. Therefore, the trial court erred by ruling that the custody and parenting-time provisions of the judgment of divorce were required to be vacated because defendant had not demonstrated paternity.

Next, defendant argues that the trial court erred by ruling that the Kalamazoo Circuit Court's order of filiation required the provisions of the judgment of divorce be vacated. We agree.

"This Court reviews a trial court's decision whether to set aside a judgment under MCR 2.612 for an abuse of discretion." *Adler v Dormio*, 309 Mich App 702, 724; 872 NW2d 721 (2015). "A trial court has not abused its discretion if its decision results in an outcome within the range of principled outcomes." *Id*. "The interpretation of a court rule, like a matter of statutory interpretation, is a question of law that this Court reviews de novo." *Id*. (quotation marks and citation omitted).

MCR 2.612(C)(1)(d) allows for relief from a final judgment when the "judgment is void." It appears the trial court assumed that the custody and parenting-time provisions of the judgment of divorce were void because the Kalamazoo Circuit Court had entered an order of filiation regarding the biological father of the child. Specifically, in its order denying defendant's motion for reconsideration, the trial court stated that "[p]aternity was never established in the divorce matter but has been established in the recent Kalamazoo paternity action. Therefore, any order regarding custody and parenting time in the instant case is invalid . . . ."

However, the Kalamazoo Circuit Court's order of filiation specifically did not make any judicial determination regarding custody or parenting time over BT. In its order of filiation, the Kalamazoo Circuit Court stated:

Neither parent appeared for hearing despite proper notice. The Court lacks sufficient information to make a judicial determination as to custody and parenting time factors. The filing of a motion, by either parent, is necessary to bring the matter back before the Court.

Furthermore, as explained previously, defendant did not need to establish paternity before the custody and parenting-time provisions of the judgment of divorce were entered because he was not the moving party. This means that the order of filiation, establishing that the biological father

of BT had paternity, was also not in conflict with the custody and parenting-time provisions regarding defendant and BT because defendant's paternity was not a dispositive issue for those provisions. Therefore, the trial court abused its discretion when it ruled that the custody and parenting-time provisions of the judgment of divorce were invalid because it is outside the range of principled outcomes that the order of filiation created a conflict with the judgment of divorce that rendered some of its provisions voidable.

Next, defendant argues that the trial court erred by ruling that this Court's order in *Dennis II* required the trial court to vacate the provisions of the judgment of divorce. We agree.

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

The law-of-the-case doctrine holds:

[I]f an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. [*Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000) (quotation marks, citation, and footnote omitted).]

"Law of the case applies, however, only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Id*. at 260.

In *Dennis I*, plaintiff appealed the trial court's order that granted defendant summary disposition regarding his position as an "affiliated father," as opposed to an "acknowledged father," under the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq*. This Court reversed the trial court and stated that the trial court "never determined BT's paternity despite having been repeatedly asked to do so, [and therefore] the judgment of divorce did not establish [defendant's] paternity as an affiliated father under the RPA." *Dennis II*, unpub op at 11.

On remand to the trial court, plaintiff moved to terminate defendant's paternity, and the trial court, through a visiting judge, granted plaintiff's motion. Defendant then moved for reconsideration, which was granted by the trial court. Plaintiff appealed that reconsideration and argued that the trial court erred by failing to follow this Court's opinion in *Dennis I*.

In *Dennis II*, this Court held:

In her claim of appeal from the trial court's order that granted defendant's motion for summary disposition of her RPA motion, plaintiff also asked this Court to amend the judgment of divorce to indicate that defendant is not the father of BT. It is clear from even a cursory reading of [*Dennis I*] that the only issue addressed by this Court was whether "the parties' divorce judgment determined BT's paternity." As already discussed, we concluded that, because there was no formal

expression of an opinion by the trial court that the disputed issue of BT's paternity had been resolved, the judgment of divorce did not establish defendant as BT's affiliated father. Accordingly, we reversed the trial court's order of January 20, 2016. We did not order modification of the judgment of divorce. In fact, the Court could not so order because it lacked jurisdiction over the judgment of divorce.

\* \* \*

The trial court did not err in its understanding of the legal implications of this Court's prior decision, and it fulfilled its duty to comply with the Court's mandate. The trial court is also correct that if plaintiff wants to change the custody and parenting-time provisions in the judgment of divorce in light of this Court's determination that defendant is not an affiliated father, she must file a motion for modification in the trial court. [*Dennis II*, unpub op at 3-4 (citations omitted).]

Subsequently, here, the trial court stated that it was vacating the custody and parenting-time provisions of the judgment of divorce because the *Dennis II* opinion required the provisions to be vacated. However, defendant is correct that the *Dennis II* opinion does not require the trial court to vacate the custody and parenting-time provisions of the judgment of divorce because the *Dennis II* opinion does not instruct the trial court with any remand proceedings. Instead, the *Dennis II* opinion states that plaintiff may only modify the custody and parenting-time provisions of the judgment of divorce by seeking to modify the custody agreement. Furthermore, this Court in *Dennis II* stated that the *Dennis I* opinion did not require the trial court to terminate defendant's paternity.

The trial court erred to the extent that it relied on this Court's opinion in *Dennis II* as a directive to vacate the custody and parenting-time provisions of the judgment of divorce because this Court ruled that it did not require any modification to the judgment of divorce and that it did not terminate defendant's paternity.

Next, defendant argues that the trial court erred by not considering the best-interest factors for BT when vacating the custody and parenting-time provisions of the judgment of divorce. We agree.

This Court applies "three standards of review in custody cases." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000).

The great weight of the evidence standard applies to all findings of fact. A trial court's findings regarding the existence of an established custodial environment and regarding each custody factor should be affirmed unless the evidence clearly preponderates in the opposite direction. An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law. [*Id*. (citations omitted).]

"All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion,

or the circuit court made a clear legal error on a major issue." *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017) (quotation marks and citations omitted).

This Court will find that a trial court abused its discretion when the result is "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reasons but rather of passion or bias." *Fletcher v Fletcher*, 447 Mich 871, 879-880; 526 NW2d 889 (1994) (quotation marks and citation omitted). "A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Seifeddine v Jaber*, 327 Mich App 514, 516; 934 NW2d 64 (2019) (quotation marks and citation omitted).

"The purposes of the Child Custody Act, MCL 722.21, *et seq*., are to promote the best interests of the child and to provide a stable environment for children that is free of unwarranted custody changes." *Pennington v Pennington*, 329 Mich App 562, 570-571; 944 NW2d 131 (2019) (quotation marks and citation omitted). "The Child Custody Act authorizes a trial court to award custody and parenting time in a child custody dispute and also imposes a gatekeeping function on the trial court to ensure the child's stability." *Id*. at 571.

"Whether an established custodial environment exists is a question of fact that the trial court must address before it makes a determination regarding child custody." *Demski v Petlick*, 309 Mich App 404, 445; 873 NW2d 596 (2015) (quotation marks and citation omitted). "In determining whether an established custodial environment exists, it makes no difference whether that environment was created by a court order, without a court order, in violation of a court order, or by a court order that was subsequently reversed." *Hayes v Hayes*, 209 Mich App 385, 388; 532 NW2d 190 (1995). "Rather, the focus is on the circumstances surrounding the care of the children in the time preceding trial, not the reasons behind the existence of a custodial environment." *Id*.

Regarding both custody and parenting-time orders, the Child Custody Act states that "[t]he court shall not modify or amend its previous judgments or orders or issue a new order in order to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). For a showing to be clear and convincing, the evidence must be "so clear, direct and weighty and convincing as to enable [the fact-finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts at issue." *Hunter v Hunter*, 484 Mich 247, 265; 881 NW2d 694 (2009) (quotation marks and citation omitted; alteration in original). "Above all, custody disputes are to be resolved in the child's best interests," as measured by the factors set forth in MCL 722.23. *Eldred*, 246 Mich App at 150. It is not the case that any fact relevant to the best-interest factors will constitute sufficient cause. "Rather, the grounds presented must be 'legally sufficient,' i.e., they must be of a magnitude to have a significant effect on the child's well-being to the extent that revisiting the custody order would be proper." *Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003).

In this case, the trial court did not consider the best interests of the child and, instead, only stated that it was vacating the child custody and parenting-time provisions "[b]ased upon the Court of Appeal's 2019 order, the initiation of the Kalamazoo 2020 case, and the requirement that paternity be established before any entry of Custody, Parenting Time, or Child Support . . . ." As

discussed, neither this Court's opinion in *Dennis II*, nor the Kalamazoo Circuit Court's order of filiation, nor the reasoning that putative fathers are required to establish paternity before being granted custody, required the trial court to vacate the custody and parenting-time provisions of the judgment of divorce. However, the clear and unambiguous language of the Child Custody Act, MCL 722.27(1)(c), requires that the trial court "shall not modify or amend its previous judgments or orders or issue a new order in order to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." Even assuming that the trial court was correct, that custody and parenting-time provisions of the judgment of divorce are voidable, there presumptively existed a custodial environment for the minor child with defendant at the time that the trial court vacated those provisions. See *Hayes*, 209 Mich App at 388. The trial court did not consider the best interests of the child when vacating the custody and parenting-time provisions of the judgment of divorce that would otherwise presumptively alter the custodial environment of the child; therefore, the trial court's order was clearly erroneous because, after a review of the entire record, we are left with a definite and firm conviction that a mistake has been made when the trial court did not consider the best-interest factors as required by the Child Custody Act.

Lastly, defendant asks this Court to rule on his standing to be able to participate in a future, speculative, custody hearing regarding BT. "An issue is preserved for appellate review when it is raised in and decided by the trial court." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 10; 930 NW2d 393 (2018). "Issues raised for the first time on appeal are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993).

> Although this Court need not review issues raised for the first time on appeal . . . this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented. [*Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (citations omitted).]

In this case, defendant is arguing that the trial court will err if it prevents defendant from participating in a future custody trial. Specifically, the trial court previously held a hearing concerning defendant's motion for reconsideration and to vacate the trial court's order that initially vacated defendant's paternity to BT. The trial court ultimately granted defendant's motion for reconsideration and vacated the order, and it also stated that it was unclear "how much [defendant] could participate in terms of filing pleadings and making formal requests about the custody because I don't know that he'd have standing to do that." However, the trial court stated that it would "leave that to be decided on another day," and it did not make any ruling regarding defendant's standing in a potential custody hearing regarding BT. The trial court also did not entertain any argument regarding defendant's proposed standing.

"When properly preserved, this Court reviews de novo the issue of whether a party has standing." *In re Knight*, 333 Mich App 681, 686-687; 963 NW2d 676 (2020). "Unpreserved issues, however, are reviewed for plain error." *Id*. at 687. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*,

240 Mich App 333, 336; 612 NW2d 838 (2000) (quotation marks and citation omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (quotation marks and citation omitted; alteration in original).

This issue is unpreserved and is forfeited under the plain error rule because the error did not occur. Simply put, the trial court has not made any ruling regarding this issue.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan